**In re Alfred F. FURST, t/a the Century 21 Alfred F. Furst Real Estate Bargain Mill and Joanne Furst, h/w Individually and Jointly, Debtors.**

**Civ. A. No. 85–2260.**

United States District Court,
E.D. Pennsylvania.

Feb. 7, 1986.

Eugene Orlando, Jr., Byron M. Yatron, Reading, Pa., for appellant.

James G. Watt, Allentown, Pa., for debtors.

Robert P. Grim, Kutztown, Pa., for Carl A. Lobb.

Frederick L. Reigle, Reading, Pa., for Brian C. Englehart, trustee.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is an appeal from the bankruptcy court which ordered the sale of certain real estate belonging to the debtors. This Court has jurisdiction to hear the appeal under 28 U.S.C. § 158(a).

Alfred F. Furst t/a The Century 21 Alfred F. Furst Real Estate Bargain Mill and Joanne M. Furst, h/w, Individually and Jointly ("Debtors") filed a voluntary bankruptcy petition under Chapter 11, 11 U.S.C. § 1101, *et seq.*, in the United States Bankruptcy Court for the Eastern District of Pennsylvania on June 4, 1981. A trustee was appointed on February 8, 1983. On March 2, 1984, appellees Carl and Patricia Lobb entered into an agreement of sale (hereinafter referred to as the Lobb offer) with the trustee to buy real estate belonging to the debtors. The purchase price in the agreement is $58,400.00 and the sale was contingent upon approval by the bankruptcy court. The real estate consists of approximately 80 acres of land, roughly 40 acres located in Maxatawny Township and 40 acres located in the Borough of Kutztown in Berks County, Pennsylvania. The trustee filed an application with the bankruptcy court to sell the real estate, pursuant to the agreement of sale with the Lobbs. Hearings were held in connection with the trustee's application. The debtors objected to the sale on the ground that a better price could be obtained if the property was subdivided for residential use. A final order approving the sale of the real estate to the Lobbs for $58,400.00 was entered December 20, 1984. As a result of an offer by Joseph Furst to pay $80,000.00 for the property, the debtors filed a motion to reconsider. A hearing was held on January 28, 1985 at which the bankruptcy court considered the $80,000.00 offer and declined to change its order approving the $58,400.00 sale. Debtors appeal to this Court seeking a reversal of the order of the bankruptcy court approving the sale to the Lobbs for $58,400.00, and to remand for

the purpose of having the bankruptcy court reconsider the Furst offer.

Bankruptcy Rule 8013 provides:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

11 U.S.C. (1984). The clearly erroneous standard, however, does not apply to conclusions of law, and this Court must make an independent determination as to quetions of law. *In re Philadelphia Athletic Club, Inc.*, 20 B.R. 328 (E.D.Pa.1982); *In re Hollock*, 1 B.R. 212, 215 (M.D.Pa.1979).

At hearings held June 26 and August 8, 1984, the bankruptcy court heard testimony concerning the value of the debtors' real estate. The court considered the Lobb offer for $58,400.00, which was the only offer at the time of the hearing. The only opposition to the Lobb offer came from the debtors who claimed that the property should be subdivided and sold for residential use. The debtors presented two witnesses who testified that the property might be subdivided and sold as residential property.

In support of the sale to the Lobbs for $58,400.00, an expert testified that subdividing the property was not economically feasible. He appraised the property at $750.00 per acre based on the premise that the "site is currently unsuitable for residential subdivision purposes." N.T. 8, Aug. 8, 1984. Mr. Lobb testified that he planned to plant corn on the property and that he did not plan to subdivide it.

■ This Court has determined that the findings of fact by the bankruptcy judge were not "clearly erroneous." The evidence supports the findings made by the bankruptcy judge on December 12, 1984 that the preponderance of the evidence strongly supports the Trustee's position that the attempted marketing of any of the property in question as subdivided

building lots (with the remainder being sold as undeveloped land) is economically infeasible and would result either in a net loss to the estate or a net gain of less than the present proposed sale price of $58,400.00. We further find that the preponderance of the evidence strongly supports the Trustee's position that the highest and best use of the property is as farmland, the intended use by the buyer, and that the proposed sale price of $58,-400.00 appears to be the highest possible price that could be reasonably obtained for the subject property under all of the circumstances of this matter.

Memorandum and Order, Dec. 12, 1984.

The evidence also supports the findings made by the bankruptcy judge at the hearing on January 28, 1985 at which hearing the bankruptcy judge considered the offer of Furst for $80,000.00. At the conclusion of this hearing the bankruptcy judge found that the offer of Furst for $80,000.00, although higher than the Lobb offer, nevertheless came too late, as it was made by the debtors' relatives who had more than adequate time to submit their offer earlier in the proceedings. The bankruptcy court further found that there was no evidence of fraud, misdealing or inadequate consideration concerning the $58,400.00 sale to the Lobbs which the bankruptcy court had approved on December 12, 1984.

■ The law is clear that a confirmed sale is not to be set aside except under the limited circumstances where fraud, mistake or a similar infirmity is present. *In re Webcor, Inc.*, 392 F.2d 893, 899 (7th Cir. 1968), *cert. denied*, 393 U.S. 837, 89 S.Ct. 113, 21 L.Ed.2d 107; *City Building Corp. v. Farish*, 292 F.2d 620, 622 (5th Cir.1961); *see In re Times Sales Finance Corp.*, 445 F.2d 385 (3d Cir.1971). A subsequent offer at a higher price does not constitute fraud, mistake or a similar infirmity and therefore does not call for setting aside a confirmed sale. *Matter of Chun King, Inc.*, 753 F.2d 547 (7th Cir.1985).

The bankruptcy judge further determined, and we agree with his conclusions, that

the balance of equities here lies clearly in favor of having the earlier deal stand and to deny this motion for reconsideration, which is really premised upon me throwing the other deal out and to strike a new deal, ...

\*　　\*　　\*　　\*　　\*　　\*

I just don't think that if I upset this deal that was made earlier and based upon a notice and opportunity to be heard and all the facts and circumstances that the Court had before it at the time, that the bankruptcy system would come through this unscathed. I just think that there must be some point reached that the parties dealing with the bankruptcy court in purchasing assets can rely on some certainty, and I think that has been done.

N.T. 21–22, Jan. 28, 1985.

In this case there was an offer for about $20,000.00 more than the sale which the bankruptcy court had approved prior to the offer having been made. The subsequent offer came from the debtors' relatives after the sale had been confirmed. Setting aside a sale, which had already been confirmed by the bankruptcy judge, on the ground that a better price for the real estate could be obtained, would make a mockery of the hearing conducted by the bankruptcy judge after due notice to the parties. A sale of real estate approved by the bankruptcy judge should not be set aside unless fraud or mistake can be proven. To permit someone to come forward with a better offer after the sale has been confirmed would destroy the stability and finality which is necessary in the liquidation of the bankrupt's estate. As stated by the Seventh Circuit in *Matter of Chun King, Inc.*,

> "[i]f parties are to be encouraged to bid at judicial sales there must be stability in such sales and a time must come when a fair bid is accepted and the proceedings are ended." *In re Webcor*, 392 F.2d at 899. This policy of finality protects confirmed sales unless "compelling equities" outweigh the interests of finality.

753 F.2d at 550 (further citations omitted). The Court has therefore determined that

the bankruptcy court's findings of fact are not clearly erroneous and there is no error in its conclusions of law.