**In re George Sherman ELLIOT, Debtor.**

**CITICORP HOMEOWNERS SERVICES, INC., Plaintiff,**

v.

**George Sherman ELLIOT, Frederick L. Reigle, Trustee, E.M. Murray Associates, Jean Vass and The United States of America, Defendants.**

**Civ. A. No. 88–3252.**

United States District Court, E.D. Pennsylvania.

Dec. 20, 1988.

Gary E. McCafferty, Joseph A. Goldbeck, Jr., Philadelphia, Pa., for Citicorp Homeowners Services.

Lehigh Valley Legal Services, Allentown, Pa., for debtor.

Kurt Althouse, Bingaman Hess Coblentz & Bell, Reading, Pa., for Reigle, Murray & Vass.

Edward S.G. Dennis, Jr., U.S. Atty., Philadelphia, Pa.

## OPINION

DUBOIS, District Judge.

This is an appeal from the Bankruptcy Court which granted the motion of defendants Jean Vass, E.M. Murray Associates, and Frederick L. Reigle for judgment on the pleadings. Plaintiff Citicorp Homeowners Services, Inc. (Citicorp), sought in its complaint to set aside the sale of certain property which was owned prior to the sale by the debtor, George Sherman Elliot. This Court has jurisdiction to hear the appeal under 28 U.S.C. § 158(a).

The applicable standard of review in this matter is abuse of discretion or error of law by the Bankruptcy Court.[1] I find there was no abuse of discretion or error of law and, therefore, the Order of the Bankruptcy Court will be affirmed.

Briefly, the facts are as follows: The debtor filed his petition under Chapter 13 of the Bankruptcy Code on February 21, 1985. The case was converted to one under Chapter 7 on April 21, 1985. (11 U.S.C. § 701 et seq.)

The subject matter of the plaintiff's complaint and this appeal is the sale of real estate located at 630 Gordon Street, Allentown, Pennsylvania. The real estate was sold by the Trustee in Bankruptcy, defendant-appellee Frederick L. Reigle (Trustee). The plaintiff-appellant Citicorp held the first mortgage on the property.

On May 17, 1985, the Trustee served a notice of his intention to sell the property on all creditors of parties in interest. Citicorp admits that it received the notice on May 21, 1985. Citicorp also admits that it did not file any timely objection to the sale. On June 12, 1985 the property was sold at public auction. On July 25, 1985, the United States Bankruptcy Court for the East-

---

1. There are no disputed findings of fact which would be subject to the clearly erroneous standard under Bankruptcy Rule 8013.

ern District of Pennsylvania entered an Order approving the sale. Citicorp did not appeal the confirmation of sale Order.

Citicorp filed a motion to set aside the sale over three months later. At a hearing on October 23, 1985, the parties agreed to dismiss the motion and handle the matter by way of a separate complaint. Citicorp filed its complaint on October 24, 1985, seeking to set aside the sale, alleging that the Trustee employed a defective notice and used other defective procedures, received a grossly inadequate sales price, and otherwise violated the Fifth Amendment to the United States Constitution by depriving Citicorp of property without due process of law. Defendants-appellees filed a Motion for Judgment on the Pleadings on or about April 21, 1986. The Bankruptcy Court dismissed the Complaint in a Memorandum Opinion and Order dated March 10, 1988. This appeal followed on March 18, 1988.

Citicorp raises four points on appeal. First, Citicorp contends that, although the Bankruptcy Court stated the correct standard for deciding the Motion for Judgment on the Pleadings in its Memorandum Opinion, *Citicorp Homeowners Services, Inc. v. Elliot (In re Elliot)*, No. 85–00618, slip op. at 2 (Bankr.E.D.Pa. March 10, 1988), *citing Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1058 (3d Cir.1980), it did not apply that standard. In a motion for judgment on the pleadings, the trial court must "view the facts presented in the pleadings and the inferences to drawn therefrom in the light most favorable to the nonmoving party." *Id.* Nothing in that rule requires the trial court to consider all pleaded facts as relevant to any dispositive issues raised in the motion. Furthermore, the rule certainly does not require the trial court to *recite* all the facts and inferences in the light most favorable to the nonmoving party.

Nothing in the Memorandum Opinion suggests that the Bankruptcy Court failed to apply the correct standard. The primary issue was whether the Complaint was procedurally proper under the Bankruptcy Rules. Not all of the facts in the pleadings are relevant to this issue. The Bankruptcy Court implicitly considered all the facts and inferences in the pleadings when it decided that an exercise of the Court's equitable powers would be inappropriate. In refusing to view the Complaint as a motion under Fed.R.Civ.P. 60(b), the Bankruptcy Court specifically accepted Citicorp's allegation that it did not receive notice of the entry of the July 25, 1985 order.

■ Second, Citicorp contends that the Trustee had no authority to sell the mortgaged property free and clear of liens or encumbrances. Citicorp argues that "[s]ection 363(f)(3) of the Bankruptcy Code specifically provides that a Trustee may only sell property free and clear of liens where 'the interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property.'" Brief for Appellant at 8. This argument incorrectly interprets 11 U.S.C. § 363(f). That section is written in the disjunctive, not the conjunctive. Therefore, if any of the five conditions of § 363(f) are met, the Trustee has the authority to conduct the sale free and clear of all liens.

■ In this case, the authority for the sale can be found in 11 U.S.C. § 363(f)(2). That section allows the Trustee to sell the property free and clear of all liens because Citicorp consented to the sale. Citicorp consented to the sale by failing to make any timely objection after receiving notice of the sale. Citicorp contends that implied consent is insufficient to satisfy the consent requirement of § 363(f)(2). I disagree.

*In re Gabel*, 61 B.R. 661 (Bankr.W.D.La. 1985), a case directly on point, held that implied consent is sufficient to authorize a sale under § 363(f)(2). In considering this issue, Judge Bernard concluded:

> Having previously determined that [the creditor] was properly noticed, I need now only decide if this failure to object, according to the clear terms of the notice, should be viewed as "consent" within the meaning of Section [363(f)(2)]. My own reading of the law and jurisprudence in this area leaves me with the firm belief that this is exactly the legal

effect that must be given to such a failure to object.

*In re Gabel*, 61 B.R. at 667. While I am obviously not bound by this decision, I find it to be persuasive and a correct interpretation of the law.

Because Citicorp admits that it received notice of the proposed sale and also admits that it did not file any timely objection, the sale was authorized by § 363(f)(2).

 Third, Citicorp contends that the Bankruptcy Court abused its discretion by refusing to invoke its equitable powers to set aside the sale. "The law is clear that a confirmed sale is not to be set aside except under the limited circumstances where fraud, mistake or a similar infirmity is present." *In re Furst*, 57 B.R. 1013, 1015 (Bankr.E.D.Pa.1986), *appeal dismissed*, 800 F.2d 1133 (3d Cir.1986). The public policy against setting aside the sale of property in a case such as this is strong. "If parties are to be encouraged to bid at judicial sales, there must be stability in such sales and a time must come when a fair bid is accepted and the proceedings are ended." *In re Webcor, Inc.*, 392 F.2d 893, 899 (7th Cir.1968), *cert. denied*, 393 U.S. 837, 89 S.Ct. 113, 21 L.Ed.2d 107 (1968). "The policy of finality protects confirmed sales unless 'compelling equities' outweigh the interests of finality." *In re Chung King, Inc.*, 753 F.2d 547, 550 (7th Cir.1985).

In this case, the equities against setting aside the sale are compelling. Citicorp admits that it received notice of the sale and did not file any timely objection or appeal. During the hearing on the motion to set aside the sale three months after confirmation, Judge Twardowski noted that improvements had already been made on the property.

Citicorp points to the price received for the property and claims it was inadequate. The confirmed price was $8,000.00. Citicorp asserts that the value of the property was $30,000.00. "Traditionally, courts have held that fair and valuable consideration is given in a bankruptcy sale when the purchaser pays 75% of the appraised value of the assets." *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 149 (3d

Cir.1986). However, "[g]enerally speaking, an auction may be sufficient to establish that one has paid 'value' for the assets of a bankrupt." *Id.*

In this case, Citicorp does not argue that the public auction was conducted fraudulently. Absent such a showing, I am not convinced that the Bankruptcy Court abused its discretion in refusing to set aside the sale.

 Finally, Citicorp contends that the Bankruptcy Court abused its discretion by failing to invoke the Court's power under Fed.R.Civ.P. 60(b). This rule is made applicable to bankruptcy cases under Bankr. Rule 9024. Defendant-appellees argue that an adversarial proceeding may not be treated as a Rule 60(b) motion. *See Dooley v. Weil (In re Garfinkle)*, 672 F.2d 1340, 1348 (11th Cir.1982). The Bankruptcy Court held that the facts of this case did not merit invoking that Court's powers under Rule 60(b). I do not believe that the Bankruptcy Court abused its discretion in that decision.

For the reasons stated, the Order of the Bankruptcy Court will be affirmed.