**In re Ralph E. HANLINE, Debtor.**

**Bankruptcy No. 80–00431.**

United States Bankruptcy Court,
N. D. Ohio, W. D.

Jan. 13, 1981.

---

Ralph E. Hanline, pro se.

John D. Noble, Findlay, Ohio, for debtor.

David A. Zeitzheim, Oak Harbor, Ohio, for Trustee.

Joe B. Fish, Findlay, Ohio.

## MEMORANDUM AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on to be heard upon the motion of the Trustee, David A. Zeitzheim, for an order approving the sale of certain real estate described in said motion.

Upon consideration thereof, the Court finds that such an order as is requested by the Trustee is neither appropriate nor necessary under the Bankruptcy Code of 1978.

11 U.S.C. Section 363(b) is the operative section and provides as follows:

"The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

This section empowers the Trustee to sell property other than in the ordinary course of business thereby superseding Rule 606 Rules of Bankruptcy Procedure which called for judicial supervision of a sale by the Trustee. While a court order is not required before the Trustee sells property, the Trustee must comply with the "after notice and a hearing" provision of Section 363(b). However, that phrase is defined in Section 102 to mean that a hearing is neces-

sary only if there is a timely objection to the proposed sale.

"Thus, a hearing will not be necessary in every instance. If there is no objection to the proposed action, the action may go ahead without court action. This is a significant change from present law, which requires the affirmative approval of the bankruptcy judge for almost every action. The change will permit the bankruptcy judge to stay removed from the administration of the bankruptcy or reorganization case, and to become involved only when there is a dispute about a proposed action, that is, only when there is an objection."

H.R.Rep.No.95-595, 95th Cong., 1st Sess. 315, (1977) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5963, 6272; S.Rep.No.95-989, 95th Cong., 2d Sess. 27 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5812.

For the foregoing reasons the Trustee's motion should be denied and overruled. It is therefore,

ORDERED that the motion of the trustee for an order approving the sale of certain real estate be, and it hereby, is denied and overruled.

IT IS SO ORDERED.