**In re ROBERT L. HALLAMORE CORPORATION, Debtor.**

**Bankruptcy No. 83–1401–JG.**

United States Bankruptcy Court, D. Massachusetts.

June 25, 1984.

Neal Satran, Boston, Mass., for debtor.

James J. Coogan, Attleboro, Mass., for buyer and bank.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

Before the Court is the debtor's Motion for Issuance of an Order approving the Debtor's Notice of Intended Sale. The debtor requests an Order because the purchaser's lending institution is insisting on a judge's approval of the sale for recording purposes.

The 1978 Bankruptcy Code radically changed the procedure for selling property of the estate.[1] It is now 1984 and it is time that lending institutions, conveyancing attorneys, and title companies become familiar with the Code.

Section 363(b) provides that:

"The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. Section 363(b). For the purposes of this Section, a Chapter 11 debtor in possession and a Chapter 13 debtor also have a Chapter 7 trustee's powers of sale. *See* 11 U.S.C. Section 1107; 11 U.S.C. Section 1303 (1979).

Thus, in Chapter 7, Chapter 11 and Chapter 13 cases, Section 363(b) simply requires "notice and a hearing" before the debtor may sell property. The phrase "after notice and a hearing" is defined in Code Section 102(1) as:

"such notice as is appropriate in the particular circumstances and such opportunity for a hearing as is appropriate in the particular circumstances, but .... authorizes an act without an actual hearing if such notice is given properly and if—such hearing is not requested timely by a party in interest ...". 11 U.S.C. Section 102(1) (1979).

As the Notes of the Committee on the Judiciary of the Senate indicate, this rule of construction is central to the separation of the administrative and judicial functions of bankruptcy judges. Senate Report No. 95–989, 5 U.S. Code Cong. & Admin. News 5787, 5813 (1978). The Note continues:

"If there is no objection to the proposed action, the action may go ahead without court action. This is a significant change from present law, which requires the affirmative approval of the Bankruptcy Judge for almost every action. The change will permit the Bankruptcy Judge to stay removed from the administration of the bankruptcy or reorganization case, and to become involved only when there is a dispute about a proposed action, that is, only when there is an objection." *Id.* at 5813.

The notice procedure for sales is set forth in Bankruptcy Rules 2002 and 6004, which became effective on August 1, 1983. Rule 2002 Subsection (a)(2) requires a twenty day notice of a sale to all creditors. The purpose of the notice is to provide an opportunity for objections and a hearing before the Court if there are objections. H.R. Rep. No. 595, 95th Cong. 1st Session 345 (1978) 5 U.S. Code Cong. & Admin. News at 6301 (1978). A Notice of an Intended Private Sale is sufficient if it includes the terms and conditions of the sale,

---

1. Prior to enactment of the 1978 Bankruptcy Code, under the former Bankruptcy Act, property could not be sold without court approval. The Bankruptcy Act of 1898, Section 70f, 11

U.S.C. Section 110 (repealed 1978). Indeed, the Bankruptcy Court was considered the vendor of estate property. *J. Moore, 4B Collier on Bankruptcy,* Par. 70.97, at 1130 (14th ed. 1978).

if it states the time for filing objections, and if the estate is selling real estate, if it generally describes the property.[2] Bankruptcy Rule 2002(c)(1) (1983). Bankruptcy Rule 6004(b) requires that any objection to a proposed sale be filed within five days before the date set for the proposed action or as set by the Court. If a timely objection is filed, a hearing is held on the merits of the objection. Bankruptcy Rule 6004(a). The Court then determines the propriety of the proposed sale in light of the objection. If the Court finds the objection unmeritorious, an Order approving the sale and overruling the objection is appropriate. Rule 6004(e) requires the filing of a statement with the clerk of the Bankruptcy Court upon completion of the sale by the debtor, trustee, or auctioneer.

■ In the absence of objections or counter-offers, a sale in accordance with Section 363, Rules 2002 and Rule 6004 does not require court approval. *See* Bankruptcy Rule 6004, Advisory Committee Note, Subsection (e). The commentators agree that in the absence of a dispute, there is no judicial involvement in and no court supervision of a sale. *E.g., L. King, Collier On Bankruptcy*, Paragraph 363.03, at 363–19 (15th ed. Supp.1983); *W. Norton*, 1 Bankruptcy Law and Practice, Section 24.03, 145, n. 1 (Supp.1983). Pursuant to Section 102(1), absent a request for a hearing the sale will take place without court order. *In Re Upright*, 5 B.C.D. 1124, 1 B.R. 694 (Bankr.N.D.N.Y.1979). Under Rule 6004(e)(2) the debtor is required to execute all documents to effect the sale.

■ In this case, on May 16, 1984, the debtor sent notice of the sale to all creditors which stated that objections and counter-offers were to be filed by May 26, 1984. The time for objections had been shortened per Order of the Court for cause in view of the necessity for an immediate sale. The case docket reflects that no objections, counter-offers, or requests for hearing were filed. Accordingly, an Order approving this sale is inappropriate, and the Motion is denied.

This ruling is not intended to subvert the concerns of the bar, title companies, and lending institutions for certainty of title. It is only out of frustration with the repeated demands of the conveyancing bar and their clients, and their total unwillingness to accept change, let alone their defiance of the plain meaning of the law, that, after some four and one half years, the Court's patience has been tried by those who still insist on "comfort orders." A suitable procedure exists whereby a Clerk's Certificate for recording purposes may be obtained, which certifies that no objections or requests for hearing were filed. Recordation of this instrument is notice to the world of the trustee's or debtor's authority to sell and is the appropriate method of satisfying the concerns for title of the real estate field.

In accordance with this opinion, the lending institution should comply with its contractual committment to fund the purchase of the debtor's assets without a court order approving the sale.

---

2. A suitable form commonly used in the District for a Notice of Private Sale under the Code is set forth in H. Lavien, Bankruptcy Forms, Section 195.5 at 72 (Supp.1983).