In re Carl F. **WIDEMAN**, Jr. et ux., f/d/b/a Wideman Auto Sales, County Wide Weed Service, and Majestic Properties, Debtor.

Bankruptcy No. 87–52744–C.

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

March 21, 1988.

Michael G. Colvard, Martin, Shannon & Drought, San Antonio, Tex., for creditor.

John C. Ertel, Ertel & Prashner, P.C., San Antonio, Tex., for debtor.

John P. Lowe, Uvalde, Tex., Trustee.

## OPINION AND ORDER GRANTING MOTION TO DEEM SETTING MOOT

LEIF M. CLARK, Bankruptcy Judge.

On February 11, 1988, Nixon State Bank ("Nixon") filed a "Motion to Abandon Property of the Estate." The attorney for Nixon also sent out a "Notice of Abandonment" advising all creditors in the case that, unless objections were timely filed, "the Motion shall be deemed to be unopposed and the Court may enter an order granting the relief sought." Similar language was contained in the Motion, which was also served on all creditors. The clerk's office, relying on Bankruptcy Rule 6007(c), set the matter for hearing. Nixon filed a Motion to Deem Setting Moot, contending that Local Bankruptcy Rule 6007 allows property to be deemed abandoned absent a timely objection and that no hearing was therefore called for.[1]

■ The local rule upon which Nixon relies reads as follows:

(b) Abandonment of Property With Aggregate Gross Value of $2,500.00 or More.

1. Parties to be Served

When property sought to be abandoned has an aggregate value of $2,500.00 or more, a Motion or Notice of the Proposed Abandonment as prepared by the Movant shall be filed with the Court. The Trustee or the Debtor-in-Possession shall send the Notice to the Debtor, his Attorney, and to all Creditors, Indenture Trustees and Committees appointed or elected under the Bankruptcy Code.

2. Notice to File Objections

The Trustee or the Debtor-in-Possession shall prepare and send the Form of Notice of Proposed Abandonment of Property, and shall specifically provide therein twenty (20) days from the date of the Notice for any party to file an objection.

---

1. The Motion contends that the property was "technically abandoned effective March 2, 1988." The hearing is scheduled for March 29, 1988. Given that no objections have thus far been filed, it is unlikely that any will be interposed at the hearing. This Motion seems to be unnecessary as a practical matter, unless perhaps the creditor has already foreclosed on the collateral. Nixon has not indicated in its Motion whether this is the case.

### 3. Abandonment of Property Without Objection

If a Motion to Abandon is not timely contested, the property shall be deemed automatically abandoned without further Order of the Court and without the necessity of filing further documentation.

Rule 6007(b), Bankruptcy Court Local Rules, Local Rules for the Western District of Texas (1985).[2] The local rules are promulgated pursuant to Rule 9029 of the Bankruptcy Rules, which authorizes making and amending rules "which are not inconsistent with these rules." Rule 9029, Bankruptcy Rules (Norton pamphl. ed. 1987). The Bankruptcy Rules themselves in turn may not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075 (West pamphl. ed. 1987). The local rule relating to abandonment must therefore be consistent with the Bankruptcy Code and the Bankruptcy Rules. *Sunset Enterprises, Inc. v. B & B Coal Co., Inc.*, 38 B.R. 712, 715 (W.D.Va.1984), *aff'd*, 798 F.2d 1409 (4th Cir.1986).

Rule 6007 of the Bankruptcy Rules provides in pertinent part as follows:

.    .    .    .    .

(b) **Motion by Party in Interest.** A party in interest may file and serve a motion requiring the trustee or debtor-in-possession to abandon property of the estate.

(c) **Hearing.** ... if a motion is made as prescribed by subdivision (b), the court shall set *a hearing on notice* to the entities as the court may direct.

Rule 6007, Bankruptcy Rules (Norton pamphl. ed. 1987) (emphasis added). This rule authorizes motions by parties in interest, such as Nixon, to require the trustee to abandon property. The rule does not contemplate abandonment *by* a party, though it may contemplate abandonment *to* a party, so long as that party has a "possessory interest." *See* 4 *Collier on Bankruptcy*, para. 554.02[2] (15th ed.); *but see In re Caron*, 50 B.R. 27, 31 (Bankr.N.D.Ga.1984).

Section 554 of the Bankruptcy Code provides in pertinent part that

.    .    .    .    .

(b) On request of a party in interest *and after notice and a hearing*, the court may order the trustee to abandon any property of the estate ...

11 U.S.C. § 554 (Norton pamphl. ed. 1987) (emphasis added). The statute leaves no doubt that, while the only party with standing to actually abandon property is the trustee, an interested party may seek a court order to compel the trustee to abandon property.

Section 554(b) authorizes the entry of a court order "after notice and a hearing." Section 102 states that this language or a similar phrase—

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

(B) authorizes an act without an actual hearing if such notice is given properly and if—

(i) such a hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act;

11 U.S.C. § 102(1) (Norton pamphl. ed. 1987). The implementing rule echoes this language:

In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought....

Rule 9014, Bankruptcy Rules (Norton pamphl. ed. 1987).

Rule 6007 of the Bankruptcy Rules appears to make a hearing setting *mandatory* ("the court *shall* set a hearing on notice"). Such an overzealous reading of the word "shall" would truncate an important procedural right conferred by the statute in

---

**2.** Nixon's Motion to Abandon was noticed not by the trustee, as contemplated in the local rule, but by Nixon's attorneys, ostensibly on behalf of the clerk of the court.

Section 102(1), tending to frustrate the important policy which underlies that section and the Bankruptcy Code itself:

> Paragraph (1) defines the concept of 'after notice and a hearing.' The concept is central to the bill and to the separation of the administrative and judicial functions of bankruptcy judges. The phrase means after such notice as is appropriate in the particular circumstances (to be prescribed by either the Rules of Bankruptcy Procedure or by the court in individual circumstances that the Rules do not cover. In many cases, the Rules will provide for combined notice of several proceedings), and such opportunity for a hearing as is appropriate in the particular circumstances. Thus, a hearing will not be necessary in every instance. If there is no objection to the proposed action, the action may go ahead without court action. This is a significant change from present law, which requires the affirmative approval of the bankruptcy judge for almost every action. The change will permit the bankruptcy judge to stay removed from the administration of the bankruptcy reorganization case, and to become involved only when there is a dispute about a proposed action, that is, only when there is an objection.

H.R.Rep. No. 95–595, 95th Cong. 1st Sess 315 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6272 (emphasis added). Such a literal reading transfers the important legislative function of setting policy to the judicial arena, a result sufficiently repugnant to the concept of separation of powers so central to our Constitution as to compel a more reasoned interpretation of the rule. *Wilson v. Mason,* 5 U.S. (1 Cranch) 45, 102, 2 L.Ed. 29, 48 (1801) (in case of doubt, a literal construction leading to an absurdity will be rejected in favor of a more liberal one which will effectuate the object intended); *Huidekoper's Lessee v. Douglass,* 7 U.S. (3 Cranch) 1, 66, 2 L.Ed. 347, 368 (1805) (a construction of a statute producing absurdities or consequences in direct violation of its own provisions is to be avoided); *United States v. Heth,* 7 U.S. (3 Cranch) 399, 409, 2 L.Ed. 479, 482 (1806) (construction of a statute ought to be consistent with the suggestions of natural justice); *Cox v. United States,* 31 U.S. (6 Pet.) 172, 202, 8 L.Ed. 359, 370 (1832) (a law ought not to be so construed as to require of a party a mere idle ceremony); *Perry v. Commerce Loan Co.,* 383 U.S. 392, 399, 86 S.Ct. 852, 857, 15 L.Ed.2d 827 (1966) (where to follow the plain meaning of words in a statute will lead, though not to absurdities, to an unreasonable result plainly at variance with the policy of the legislation as a whole, the court will follow the purpose of the statute, rather than its literal words).

■ An axiom of statutory construction is that legislative intent must be clearly expressed. *Watt v. Alaska,* 451 U.S. 259, 266, 101 S.Ct. 1673, 1678, 68 L.Ed.2d 80 (1981) (the circumstances of enactment of particular legislation may persuade a court that Congress did not intend words of common meaning to have their literal effect). Thus, even though the Bankruptcy Rules are technically approved by Congress, it is only an approval by silence. Congress can halt the enactment of rules promulgated by the Supreme Court which it believes transgress legislative policy. It is doubtful that Congress would take such an extraordinary step over one word in one rule, however. It is more likely that Congress would leave *de minimis* inconsistencies to the courts to resolve, using principles of statutory construction. The backhanded manner in which Congress "approves" court rules confirms how little legislative intent should be imputed to the language used in the rules. *Watts v. Alaska,* 451 U.S. at 267, 101 S.Ct. at 1678 (repeals by implication not favored).[3]

■ This court concludes that Bankruptcy Rule 6007(c) should not be read to *require* a hearing on motions by third parties to compel a trustee to abandon property of the estate. Instead, the rule should be

---

**3.** Congress, after all, does not *write* the rules, so it is not Congress' choice of words over which we are haggling. In fact, the current rules were drafted by a committee of the Judicial Conference dominated by district and circuit judges whose common judicial experience would not be expected to include the vagaries of bankruptcy law.

interpreted in a manner consistent with the clearly evinced legislative policy to remove the bankruptcy judge from the administration of the bankruptcy case "and to become involved only when there is a dispute about a proposed action." H.R.Rep. No. 95–595, *supra.* Section 554(b) contemplates relief "on notice and hearing." Bankruptcy Rule 6007(c) implements that section of the statute. It does not amend it. A hearing need not, therefore, actually be *set* with respect to such motions, so long as the appropriate parties are afforded due notice and an opportunity for a hearing, consistent with Section 102(1) and Bankruptcy Rule 9014.[4]

The local rule is consistent with this interpretation of Bankruptcy Rule 6007(c). A hearing is not required in order to grant a "Motion to Compel Trustee to Abandon Property of the Estate." [5]

▆ The creditor's motion faces another hurdle, however. Only the trustee (or debtor-in-possession) has standing to abandon property of the estate. The Motion to Abandon filed by Nixon is in reality an action to compel the trustee to act. However, if the trustee and all other creditors have received notice, and none of them have objected, it elevates form over substance to require a renoticing by the trustee to the same creditors all over again if the court grants the motion to compel. *Collier's* criticizes this two-step process:

> The 1983 Advisory Committee Note to Rule 6007(b) implies that motions by parties in interest would be served only on the trustee or debtor-in-possession. In such cases, should the court order abandonment, it might be necessary for the parties listed in Rule 6007(a) to receive notice and an opportunity to object. Such duplication is needless, the parties

listed in Rule 6007(a) should, as a matter of course, receive notice of motions under Rule 6007(b).

8 *Collier on Bankruptcy,* para. 6007.03[2] (15th ed. 1987); *see Sierra Switchboard Co. v. Westinghouse Electric Corp.,* 789 F.2d 705, 709 (9th Cir.1986); *In re Tucci,* 47 B.R. 328, 331 (Bankr.E.D.Va.1985). So long as creditors have clear notice that a failure to object will result in abandonment (not just in another opportunity to object), there is no reason to multiply paperwork. Thus, when a party in interest files a "Motion to Abandon" under the current local rules, if the notice is satisfactory, a failure by the trustee to respond should be presumed as a statement of the trustee's intent to abandon the property and the failure of creditors to respond should be presumed to be a statement that they do not object to the trustee's abandoning the property in question.

▆ In this case, the notice language employed by Nixon read as follows:

> Nixon State Bank, a secured creditor herein, has filed a Motion to Abandon Property of the Estate regarding the Debtor's interest in [property description], pursuant to 11 U.S.C. § 554(b), as property burdensome to the estate and of inconsequential value or benefit to the estate.
>
> NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN REQUEST FOR A HEARING IS FILED WITH THE CLERK ... WITHIN TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF, UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH REQUEST FOR HEARING.

8 *Collier on Bankruptcy,* para. 6007.05 (15th ed.).

---

4. *Collier* notes that this interpretation has been adopted *sub rosa* by some courts anyway:
   > If a motion to abandon is filed by a party other than the trustee or debtor-in-possession, Rule 6007(c) states that a hearing will be held. Do not assume that Rule 6007(c) will be followed literally. As noted earlier, some courts have local rules which require response or objection to all such motions, even those filed by a party in interest, before requiring a hearing. The motion will be granted if no objection is filed.

5. The holding of this case, premised as it is on the construction of the words "shall set a hearing on notice," could apply with equal force to other rules of the Bankruptcy Rules in which a similar phrase is used. *See, e.g.,* Rule 6004(c), Rule 9019(a) and (b), Bankruptcy Rules (Norton pamphl. ed. 1987).

> IF NO HEARING ON SUCH MOTION IS TIMELY REQUESTED, THE MOTION SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.

This notice language is insufficient to place creditors on notice that the property in question may actually be abandoned unless they object. It merely tells creditors that, if they do not object, the motion brought under Section 554(b) will be granted. A creditor receiving such a notice could reasonably assume that, under Section 554(b), the trustee, in the course of discharging of his or her fiduciary obligations, might well conclude that the property should *not* be abandoned and so object to the creditor's motion. Not unless the creditor receives *another* notice, this one from the trustee, would there be any point in going to the expense of objecting to the abandonment itself.

On the other hand, a notice which unequivocally indicated that *abandonment* will follow if no objections are registered would permit the creditor to short-circuit the cumbersome double-noticing process.[6] The notice here in question could have been cured if rewritten as follows:

> IF A HEARING ON SUCH MOTION IS NOT TIMELY REQUESTED, THEN THE COURT MAY ORDER THE PROPERTY ABANDONED WITHOUT FURTHER NOTICE TO ANY CREDITORS OR PARTIES IN INTEREST, AND THE PROPERTY WILL NO LONGER BE PROPERTY OF THE ESTATE.

Because the notice is defective in this case, a new notice must be sent to all creditors in the case, advising them that the trustee intends to abandon the property in question unless objections are received within twenty days.[7]

It is therefore ORDERED, ADJUDGED, and DECREED that the Motion to Deem Setting Moot be and the same is hereby GRANTED. It is further ORDERED that the Trustee is hereby compelled to give notice of his intent to abandon the property in question in accordance with Bankruptcy Rule 6007(a) and Local Rule 6007(b).

---

6. Truncating the process makes good sense from the standpoint of judicial economy as well. The issue raised by the creditor's motion to compel under Section 554(b) is whether the property is burdensome, of inconsequential value, or of no benefit to the estate, such that the trustee has no reason not to abandon the property. If the court grants the creditor's motion, ordering the trustee to abandon the property, an objection filed to the trustee's subsequent notice of intent to abandon would raise precisely the issue already decided when the creditor's motion was granted, namely, whether the property is burdensome, of no benefit, or of inconsequential value to the estate. Collateral estoppel would mandate overruling the objection. *In re Dominelli,* 820 F.2d 313, 317 (9th Cir.1987); *In re Monument Record Corp.,* 71 B.R. 853, 861 (Bankr.M.D.Tenn.1987).

7. Of course there is no bar to the creditor, the party with a vested interest in the matter, preparing and mailing the notice on the trustee's behalf (with the trustee's signature, of course). In fact, Nixon could have saved itself (and this court) a great deal of time and money by obtaining the trustee's agreement to abandon the property before filing anything. Nixon could then have volunteered to prepare and mail the notices, at a cost no greater than Nixon has already sustained in filing the instant motions. Such a procedure is well inside the contemplation of the statute, the bankruptcy rule, and the local rule and would not require the extended analysis of legislative history that Nixon's chosen course of action has necessitated.