**In re Larry Gene STOGSDILL and Vicki Marie Stogsdill, Debtors.**

**Bankruptcy No. 89–10753–LC.**

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

June 29, 1989.

Marsha G. Kocurek, Austin, Tex., Chapter 7 Trustee.

### DECISION AND ORDER

LEIF M. CLARK, Bankruptcy Judge.

The Chapter 7 Trustee in this case has filed an Application To Sell Property by Auction free and clear of liens and other interests. In accordance with the standard

procedures employed in this district with respect to sales free and clear of liens, the Application was set for hearing. The Trustee at the scheduled hearing indicated his dissatisfaction with the local procedure, stating that in point of fact, he should have been permitted to file his Application with "negative notice," i.e., *notice to creditors* indicating that, unless objections were filed within a certain period of time, an order would be entered without further hearing on the Application. The Court agrees with the Trustee, and accordingly enters this decision to clarify the procedure both for the benefit of our clerk's office and practitioners in this district.

The confusion is created by the precise language of Bankruptcy Rule 6004. Subparagraph (c) of that Rule reads as follows:

A motion for authority to sell property free and clear of liens or other interests shall be made in accordance with Rule 9014 and shall be served on the parties who have liens or other interests in the property to be sold. The notice required by subdivision (a) of this Rule *shall include the date of the hearing on the motion* and the time within which objections may be filed and served on the debtor-in-possession or trustee.

Bankr.R. 6004(c) (emphasis added).[1]

The "negative notice" procedure referenced above is authorized by Section 102(1) and Bankruptcy Rule 9014. The rule specifies that relief in contested matters shall be requested "by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Bankr.R. 9014. The language "notice and an opportunity for a hearing" is in turn defined in § 102(1) of the Bankruptcy Code so as to obviate the requirement of an actual hearing, provided due notice and an opportunity for a hearing has been afforded all affected parties and no one has objected to the relief requested in the motion or application. 11 U.S.C. § 102(1); *see In re Wideman,* 84 B.R. 97, 99 (Bankr.W.D.Tex.1988). However, Bankruptcy Rule 6004(c) specifies that the notice "shall include the date of the hearing on the motion." Bankr.R. 6004(c). According to *Colliers,*

Practice under Rule 604(c) requires a hearing date to be set in the original notice; a hearing *must be held* even if no responses are filed. (Responses are not required under Rule 9014).

8 *Collier on Bankruptcy* ¶ 6004.08 (15th ed. 1987).

In my view, Bankruptcy Rule 6004(c) is at odds with the Bankruptcy Code. Section 363(b)(1) of the Code states that "the trustee, *after notice and a hearing,* may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Subparagraph (f) of that section in turn states that the Trustee may sell property in subsections (b) of § 363 free and clear of any interest in such property subject to certain conditions precedent specified in the statute. 11 U.S.C. § 363(f).

■ As this Court discussed at some length in its previous ruling regarding Bankruptcy Rule 6007, the Bankruptcy Rules may not amend the Bankruptcy Code. *In re Wideman, supra* at 100–101. Section 102(1)'s definition of "after notice and a hearing" is Congress' statutorily enacted policy statement regarding the appropriate role of bankruptcy judges in the administration of cases under the Code. The legislative history to that section is explicit:

Paragraph (1) defines the concept of "after notice and a hearing." The concept is central to the bill and to the separation of the administrative and judicial functions of bankruptcy judges.... This is a significant change from present law, which requires the affirmative approval of the bankruptcy judge for almost every

---

1. Subdivision (a) of the rule specifies that notice of a proposed use, sale or lease of property must be given in accordance with Bankruptcy Rule 2002(a)(2) (which requires notice to all creditors), 2002(c)(1) (which requires the notice to specify the time and place of sale, the terms and conditions of any private sale, and the time fixed for filing objections), and 2002(i) (which directs notice to committees in lieu of notice to all creditors in certain circumstances). Bankr.R. 6004(a).

action. The change will permit the bankruptcy judge to stay removed from the administration of the bankruptcy reorganization case, and to become involved only when there is a dispute about a proposed action, that is, only when there is an objection.

H.R.Rep. No. 595, 95th Cong, 1st Sess 315 (1977), U.S.Code U.S.Code Cong. & Adm. News 1978, pp. 5787, 6272. Bankruptcy Rule 6004(c) imposes a hearing requirement where the Bankruptcy Code explicitly specifies (by its use of the phrase "after notice and a hearing") utilization of the negative notice procedure created by Section 102(1). The Rule thus tends to defeat the clearly expressed purpose of Congress to remove the bankruptcy judge from the administration of the bankruptcy case and "amends" Section 363(b) by, in effect, deleting the phrase "after notice and a hearing." In fact, Rule 6004(c) returns bankruptcy courts to the sale practice under the Bankruptcy Act, a result directly contrary to the letter and spirit of the Bankruptcy Code. *See* "Report of the Commission on the Bankruptcy Laws of the United States," H.R.Doc. No. 137, 93rd Cong, 1st Sess 16–17 (1973). The Code contemplates that hearings will be held on sales of estate property, including sales of property free and clear of liens, "only when there is an objection." *See* House Report, *supra.*

■ Where the Bankruptcy Rules and the Bankruptcy Code are inconsistent, the Bankruptcy Code must control. 28 U.S.C. § 2075; 1 *Collier on Bankruptcy*, § 3.04[2][c] (15th ed. 1987). Therefore, this Court holds that for this case and all future such cases, notwithstanding the express language of Bankruptcy Rule 6004(c), a sale free and clear of liens and other interests may be accomplished by means of an application which specifies the requisite information regarding the sale and includes negative notice language which otherwise conforms to the requisites of Bankruptcy Rule 6004(a) and which affords creditors, parties in interest, and affected parties not

less than 20 days opportunity to object to the proposed action (unless the Court shortens the notice period upon appropriate motion). See *In re Wideman, supra.* In general, a hearing on such motions containing negative notice will not be held in this district unless an objection is timely filed.

SO ORDERED.[2]

2. In view of the ruling of this court, there is no further reason to delay approval of the proposed sale. It is therefore further ordered that the trustee's application is in all things approved.