**In re Evelyn L. BURD, Debtor.**

**Bankruptcy No. 96–31949.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Sept. 10, 1996.

Bruce Comly French, Trustee, Lima, OH.

John N. Graham, Toledo, OH.

H. Buswell Roberts, Toledo, OH.

Louis J. Yoppolo, Toledo, OH.

Malcolm L. Goodman, Marion, OH.

John J. Hunter, Sr., Toledo, OH.

Elizabeth A. Vaughan, Toledo, OH.

## OPINION AND ORDER DISMISSING TRUSTEE'S MOTION TO SELL CERTAIN PROPERTY OF THE DEBTOR FREE AND CLEAR OF LIENS WITHOUT PREJUDICE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on Trustee Bruce C. French's ("Trustee") motion for authority to sell property of Debtor Evelyn L. Burd ("Debtor") at 110 South Cherry Street, Celina, Ohio (the "Property") free and clear of liens pursuant to 11 U.S.C. § 363(f). The Trustee has provided notice to all creditors. Since no objections have been filed to the Trustee's proposed sale, the Court finds that the Trustee may proceed with the sale without a Court order. Therefore, the Trustee's motion shall be dismissed without prejudice. Henceforth, where a trustee has provided proper notice of a sale free and clear and no objections have been filed, the Court shall deem such notice to be in compliance with § 363, notwithstanding Fed.R.Bankr.P. 6004(c)'s reference to a "motion". Except for the fact that Rule 6004(c) explicitly requires notice to "the parties who have liens or other interests in the property", such provision is duplicative of other notice provisions contained in Fed.R.Bankr.P. 2002 and Fed.R.Bankr.P. 6004 and adds nothing to the substance of a proceeding under § 363(f). However, absent the filing of an adversary complaint under Fed.R.Bankr.P. 7001(2), the Court shall not execute any order approving the distribution of the proceeds from the sale.

### FACTS

The Trustee has moved to sell the Property free and clear of liens "with security interests attaching as they are found in the proceeds". The motion has been served on all creditors.

### DISCUSSION

**Court Order Not Required Where No Objections to Sale Free and Clear**

A trustee need not file a motion to sell free and clear of liens where the trustee

has provided proper notice of a proposed sale under § 363(f) and no objections have been filed. *See* 11 U.S.C. § 363(b)(1) (stating that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate"); 11 U.S.C. § 102(1)(B)(i) (defining the phrase "after notice and a hearing" as authorizing an act without a hearing if a hearing is "not requested timely by a party in interest"); *see also* L.R. 4:0.7 (providing for certification by Bankruptcy Clerk of no objection). *Norton* states that:

> The critical factor is that an opportunity to object and be heard be given to each claimant to the property and party in interest.... Under Rule 6004, in the absence of an objection from any party in interest, the sale is completed and approved administratively without judicial consideration or action. Only in the event of an objection to the notice is a hearing and judicial consideration and order required. Thus, the rule makers have, without doing violence to any rights of due process or property, provided a speedier procedure and further eliminated court and judicial time applied to nondisputes as where no objections are timely filed to the notice.

*Norton Bankruptcy Rules Pamphlet,* Editor's Comment to Fed.R.Bankr.P. 6004(c), at p. 360 (1995–96 ed.).

■ Except for the fact that Rule 6004(c) explicitly requires notice to "the parties who have liens or other interests in the property", such provision is duplicative of other notice provisions contained in Fed.R.Bankr.P. 2002 and Fed.R.Bankr.P. 6004 and adds nothing to the substance of a proceeding under § 363(f). *Cf.* Fed.R.Bankr.P. 2002(i) (providing, in relevant part, that "the court may order that notices required by subdivision (a)(2), (3) and (7) of this rule be transmitted to the United States trustee and be mailed only to the committees elected pursuant to § 705 or appointed pursuant to § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them"). Contrary to the express language of Fed.R.Bankr.P. 6004(c), a trustee's "au-

thority" to sell property free and clear of liens does not arise from a court order. *Compare* 11 U.S.C. § 363(b) ("the trustee after notice and a hearing, **may** use, sell, or lease, other than in the ordinary course of business, property of the estate"), *with* Fed. R.Bankr.P. 6004(c) (requiring "motion for **authority** to sell property free and clear of liens") (emphasis added). Rather, such authority arises from § 363(b). Absent an objection by a creditor, a trustee may proceed to sale without a court order. 11 U.S.C. § 102(1)(B)(i); *In re Hanline,* 8 B.R. 449, 450 (Bankr.N.D.Ohio 1981).

In view of the express language of § 102(1)(B)(i), this Court has previously held that a trustee need not obtain an order approving a sale under § 363(b) in a chapter 7 case, as such an order is neither necessary nor appropriate. *In re Hanline,* 8 B.R. at 450. *Accord In re Robert L. Hallamore Corp.,* 40 B.R. 181, 182—83 (Bankr.D.Mass. 1984). *See also In re Karpe,* 84 B.R. 926, 930 (Bankr.M.D.Pa.1988) (stating that "[i]n the absence of objections or counter-offers, a sale in accordance with § 363, Rule 6004, and Rule 2002 does not require court approval") (citation omitted); *Pelican Homestead v. Wooten (In re Gabel),* 61 B.R. 661, 667 (Bankr.W.D.La.1985) (stating that "where there is a failure to object, no further court blessing of the sale is required as the trustee is empowered, by that fact alone, to act") (citations omitted); *Stearns v. Woolard (In re Laughinghouse),* 51 B.R. 869, 873 n. 2 (Bankr.E.D.N.C.1985) (observing that "[c]ourt approval is not necessary in the absence of an objection") (citation omitted); *In re NEPSCO, Inc.,* 36 B.R. 25, 26 (Bankr. D.Me.1983) (stating that "[i]f no objections are filed, the trustee may proceed with the sale without either a hearing or a court order") (citation omitted).

Further, courts have construed identical "notice and a hearing" language under § 554(a) as permitting a trustee to abandon property of the estate without a court order where proper notice has been given and no objections have been filed. *In re Trim–X, Inc.,* 695 F.2d 296, 300 (7th Cir.1983) (citations and footnote omitted); *In re Heil,* 141 B.R. 112, 114 (Bankr.N.D.Tex.1992) (citations

omitted); *In re International Club Enterprises, Inc.,* 105 B.R. 190, 192 (Bankr.D.R.I. 1989) (citation omitted); *In re Wideman,* 84 B.R. 97, 99 (Bankr.W.D.Tex.1988); *see also Killebrew v. Brewer (In re Killebrew),* 888 F.2d 1516, 1522 n. 16 (5th Cir.1989) (observing, in dicta, that property may be abandoned under § 554(a) without judicial involvement) (citations omitted); *Norton Bankruptcy Rules Pamphlet,* Editor's Comment to Fed.R.Bankr.P. 6007(a), at p. 371 (1995–96 ed.) (stating that "[n]o court order is necessary or appropriate to authorize the proposed abandonment or disposition of property if appropriate notice is given and an opportunity for a hearing is allowed and no hearing is required by a party in interest") (citing 11 U.S.C. § 102(1)(B)).

Significantly, § 363(f), which provides that the trustee may sell property free and clear of liens, does not contain any "notice and hearing" requirement beyond that set forth in § 363(b)(1). *See In re Stogsdill,* 102 B.R. 587, 589 (Bankr.W.D.Tex.1989) (holding that trustee was not required to comply with portion of Rule 6004(c) which required motion of intent to sell free and clear to include "the date of the hearing on the motion" since "[t]he Code contemplates that hearings will be held on sales of estate property, including sales of property free and clear of liens, 'only when there is an objection'" (quoting H.R.Rep. No. 595, 95th Cong, 1st Sess 315 (1977), U.S.Code Cong. & Adm.News 1978, pp. 5787, 6272)); *cf. Ontra, Inc. v. Wolfe,* 192 B.R. 679, 685—86 (W.D.Va.1996) (stating in dicta that, reading § 363(f) and § 363(b)(1) together, § 363(b)(1) is the sole subsection governing notice).

Moreover, in the context of an uncontested motion to sell free and clear, the conclusion that a trustee may conduct a sale without court approval is consistent with the legislative history of § 102, which emphasizes notice rather than actual court involvement. *See Hanline,* 8 B.R. at 450. *Cf. Citicorp Homeowners Services, Inc. v. Elliot (In re Elliot),* 94 B.R. 343, 345–46 (E.D.Pa.1988) (citing *Pelican Homestead v. Wooten (In re Gabel),* 61 B.R. 661 (Bankr.W.D.La.1985)); *Hargrave v. Township of Pemberton (In re Tabone, Inc.),* 175 B.R. 855, 858 (Bankr.

D.N.J.1994) (citations omitted); *In re Shary,* 152 B.R. 724, 725–26 (Bankr.N.D.Ohio 1993) (citations omitted) (all holding that a creditor's failure to object to a sale after receiving proper notice constituted consent to such sale under § 363(f)(2)).

■ This Court has previously executed orders approving sales free and clear of liens in view of the express language of Rule 6004(c) and of Fed.R.Bankr.P. 9013, which indicates that a motion represents a request for an order. Nevertheless, after careful consideration, the Court is compelled to conclude that a trustee need not obtain a court order approving a motion to sell free and clear of liens where no opposition to such motion has been filed. As *Norton* states:

> [i]t is fairly evident that by virtue of Code § 363(f) and by virtue of Bankruptcy Rule 6004, a trustee, the debtor-in-possession or debtor in a Chapter 13 case may sell properties of the estate free and clear of the liens by merely complying with the notice requirements of Bankruptcy Rule 2002(a)(2), (c)(1) and can effectively conclude the sale free and clear of any liens and encumbrances of all parties who were properly notified and given an opportunity to object to the proposed sale, unless the Court sustains a timely filed objection to the sale.

*Norton Bankruptcy Rules Pamphlet,* Editor's Comment to Fed.R.Bankr.P. 6004(c), at p. 361 (1995–96 ed.). Henceforth, where a trustee has provided proper notice of a sale free and clear and no objections have been filed, the Court shall deem such notice to be in compliance with § 363, notwithstanding Fed.R.Bankr.P. 6004(c)'s reference to a "motion".

### Compliance with Due Process

■ It should be noted that the Court's ruling on this matter does nothing to alter a trustee's duty to comply with the Federal Rules of Bankruptcy Procedure and to provide due process to lien holders. *See Marcus Hook Dev. Park, Inc. v. T.A. Title Ins. Co. (In re Marcus Hook Dev. Park, Inc.),* 143 B.R. 648, 659 (Bankr.W.D.Pa.1992) (held that notice to lienholder failed to comply with due process where such notice did not indicate

594

that sale would divest lienholder of its lien); *cf. Citicorp Mortgage, Inc. v. Brooks (In re Ex–Cel Concrete Co.),* 178 B.R. 198 (9th Cir. BAP 1995) (discussing notice requirements of due process and § 363(b)(1)); *In re F.A. Potts & Co.,* 86 B.R. 853, 859 (Bankr.E.D.Pa. 1988) (discussing, in dicta, cases finding inadequate notice), *aff'd,* 93 B.R. 62 (E.D.Pa. 1988), *aff'd,* 891 F.2d 280 (3rd Cir.1989). In addition to a general description of the property, Fed.R.Bankr.P. 2002(c), a trustee's notice should contain "the time and place of any public sale, the terms and conditions of any private sale and the time fixed for filing objections", Fed.R.Bankr.P. 2002, *see* Fed. R.Bankr.P. 6004(c), L.R. 4:0.8(a)(4)(B). *But cf.* Fed.R.Bankr.P. 6004(d) (providing for sale "when all of the nonexempt property of the estate has an aggregate gross value less than $2,500" by "general notice of intent to sell"). Absent proper notice, an asset sold by the trustee remains subject to a preexisting lien. *In re Parrish,* 171 B.R. 138, 140–41 (Bankr. M.D.Fla.1994).

### Adversary Complaint Required for Order of Distribution of Proceeds of Sale

█ Furthermore, absent the filing of an adversary proceeding, the Court shall not execute any orders approving the distribution of the sale proceeds. *See* Fed. R.Bankr.P. 7001(2); *In re Collins,* 180 B.R. 447, 449 (Bankr.E.D.Va.1995) (stating that issues concerning the propriety and validity of liens on property were not properly before the court on motion to sell free and clear) (footnote omitted); *In re K–Fabricators, Inc.,* 135 B.R. 654, 658 (Bankr.W.D.Wash. 1992) (stating that "[a] sale pursuant to 11 U.S.C. § 363(f) does not establish the validity of a claimed lien, which requires an adversary proceeding") (citation omitted); *see also Connelly v. Marine Midland Bank, N.A.,* 61 B.R. 748, 749 (W.D.N.Y.1986) (held that trustee was required to file an adversary complaint in order to assert his allegedly superior interest in automobile against lienholders); *Norton Bankruptcy Rules Pamphlet,* Editor's Comment to Fed.R.Bankr.P. 6004(c), at pp. 358–59 (1995–96 ed.) (stating that, while a sale free and clear of liens no longer requires the filing of an adversary proceeding, a proceeding to determine the

validity, priority or extent of liens is still treated as an adversary proceeding); *cf. Cen–Pen Corp. v. Hanson,* 58 F.3d 89, 92–93 (4th Cir.1995) (finding that plan confirmation did not extinguish lien on residence where no adversary proceeding filed); *In re Beard,* 112 B.R. 951, 954–56 (Bankr.N.D.Ind.1990) (concluding that chapter 13 plan did not have preclusive effect on issue of validity of government lien). As *Norton* has stated:

> [a] sale of the property of the estate free and clear of liens does not impair, divest, void, cancel or destroy any liens or interests, but merely transfers liens or the interests attached to particular property to liquidated proceeds of the sale in the possession and control of the trustee and the estate and provides for the satisfaction of the liens in order of priority to the extent the proceeds derived from the sale are sufficient to satisfy all valid liens and encumbrances.

*Norton Bankruptcy Rules Pamphlet,* Editor's Comment to Fed.R.Bankr.P. 6004(c), at p. 360 (1995–96 ed.).

### Conclusion

In conclusion, a trustee need not obtain a court order authorizing a sale free and clear of liens where the trustee has provided proper notice and no objections to the proposed sale have been filed. Further, where a trustee has provided proper notice and no objections have been filed, the Court shall deem such notice to be in compliance with § 363, notwithstanding Fed.R.Bankr.P. 6004(c)'s reference to a "motion". Finally, absent the filing of an adversary complaint under Fed. R.Bankr.P. 7001(2), the Court shall not execute an order approving the distribution of the sale proceeds.

In light of the foregoing, it is therefore

ORDERED that the Trustee's motion be, and it hereby is, dismissed without prejudice.