**In re SOUTHWEST WOOD, INC. and Southwest Wood Processing, Inc. Debtors.**

**No. 04–13519 BH.**

United States Bankruptcy Court, W.D. Oklahoma.

Nov. 4, 2004.

Gretchen Crawford, Assistant District Attorney, Oklahoma City, OK, for the Oklahoma County Treasurer.

James W. Vogt, Reynolds, Ridings, Vogt & Morgan, Oklahoma City, OK, for DIT Group/Equipment Financing, Inc., and Fleet Business Credit.

John D. Stiner, J. Michael Nordin, McAfee & Taft, Oklahoma City, OK, for MD Wood, LLC.

### MEMORANDUM OF DECISION

RICHARD L. BOHANON, Bankruptcy Judge.

The issue at hand concerns whether or not an order authorizing the debtor to sell property free and clear of liens and interests is binding on the Oklahoma County Treasurer.

The case is one in chapter 11 and the debtor in possession proposed a sale of virtually all its assets under section 363 of the Bankruptcy Code. The Treasurer had filed his proof claiming to have a lien for unpaid taxes on the debtor's real and personal property. He claims the debt secured by the lien is slightly in excess of $36,000. On the same day he filed the proof he also filed a "Notice of Lien" claiming his lien is superior to all others. Also on the same day the Treasurer's counsel filed her "Notice of Appearance and Request for Notices." Both notices were served on the debtor and its counsel and are evident from a review of the court file.

Some six weeks later the debtor served and filed a "Notice of Sale and Sale Hearing." It states that it proposes to sell its assets for almost $3,000,000. On the same day the debtor served and filed a motion requesting approval to sell the assets free and clear of liens and interests. The certificate accompanying the notice of sale states that it was served on, among others, counsel for secured creditors and taxing authorities listed on a schedule. The Treasurer appears on the schedule but his counsel does not. In due course an order was entered approving the sale free and clear of liens and interests and directing payment of the sale proceeds to various creditors, not including the Treasurer. The order was agreed to by the debtor and several other interested parties.

The order was not served on the Treasurer but he subsequently learned of it coincidentally. He now moves to be relieved of it insofar as it impairs his rights under the lien.[1] Two parties, the purchaser of the assets and a secured creditor who was paid out of the sale proceeds have responded and oppose the Treasurer's request.

The core issue is whether or not the Treasurer had notice of the debtor's requests in time to be heard concerning them. There is no proof that the motion to sell free and clear of liens was served on him and respondents don't claim it was. There is credible proof that the notice of sale was timely mailed to him at his correct address but there is equally credible evidence that it was never received by his office. Putting aside issues about service of the notice of sale the issue is whether or not failure to serve the motion to sell free and clear of the Treasurer's lien means the

subsequent order is defective insofar as he is concerned.

Section 363(b)(1) of the Bankruptcy Code merely says that "after notice and a hearing" a trustee-debtor may sell property of the estate. This phrase, of course, means "such notice as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A).

We then turn to Rule 6004(c) of the Federal Rules of Bankruptcy Procedure which says service of a motion to sell assets free and clear of liens or other interests is to be served on parties having liens against or interests in the property to be sold. This rule clearly requires service on the Treasurer.

Rule 9014 also provides for the mode of service and says that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." The motion seeks relief against the Treasurer.

It thus unquestionably appears that relief was sought against the Treasurer, he was entitled to service of the motion and that didn't occur.

The respondents argue that service of the notice of sale, assuming it occurred, is sufficient and it was unnecessary to serve the motion requesting the sale be free and clear of liens. The only authority offered for this proposition is *In re Burd*, 202 B.R. 590 (Bankr.N.D.Ohio 1996). This isolated case does seem to support their argument but I decline to follow its reasoning or result.

In *Burd* the judge, in dictum, gives an advisory opinion without there being any case or controversy. The decision effec-

---

**1.** The Treasurer's motion is treated as one for relief from a final order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure

which is made applicable in bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

tively removes Rule 6004(c) from the rule book. It makes the gratuitous statement that "[e]xcept for the fact that Rule 6004(c) explicitly requires notice to 'the parties who have liens or other interests in the property', such provision is duplicative of other notice provisions contained in Fed. R.Bankr.P. 6004 and adds nothing to the substance of a proceeding under § 363(f)." *Burd* at 592. In sum he disagrees with the rule makers and decides to implement his own rule in its place. Furthermore, the statement is patently incorrect in that the rule is not duplicative. The notice informs all parties to the case that a sale is to take place and the motion informs lien holders the sale is to be free and clear of their liens.[2]

That simply isn't the way the statutes and rules which guide courts and parties in dealing with issues that arise in bankruptcy cases and proceedings are to be interpreted and applied. In *In re Horwitz*, 167 B.R. 237 (Bankr.W.D.Okla.1994) I expressed my views on statutory interpretation or, in this case, rule interpretation and discussed the difference between absolute rules and discreet ones. In the first instance the courts have no choice but to follow the letter of the law. In the second the courts have discretion to employ "all their intrinsic perceptions of fairness and equity." *Horwitz* at 241. In this case Rule 6004(c) is absolute and leaves no room for application of any judicial discretion to circumvent its mandate. When it says that the motion must be "served on the parties who have liens or other interests in the property to be sold" that is what is required.

Here the debtor and others had ample notice that the Treasurer claims a lien on the property and didn't serve the motion on him. This was a fundamental violation of the clear mandate of the rule.

Accordingly, an order will be entered declaring that the order approving the sale is ineffective as to the Treasurer and he is free to assert his rights, whatever they may be, in the sale proceeds or in the property sold by the debtor, without prejudice to the rights of other parties in interest to contest the extent, validity or priority of the liens claimed by the Treasurer.

### ORDER GRANTING RELIEF TO THE OKLAHOMA COUNTY TREASURER

Pursuant to the Memorandum of Decision entered simultaneously with this Order it is declared and ordered that the document entered on August 4, 2004 entitled:

ORDER (A) APPROVING ASSET PURCHASE AGREEMENT BY AND AMONG SOUTHWEST WOOD, INC., SOUTHWEST WOOD PROCESSING, INC., AND MIRAMAR DESIGNS, LTD., (B) AUTHORIZING SALE OF DEBTORS' ASSETS TO PURCHASER FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND (C) GRANTING RELATED RELIEF

is of no effect as to the Oklahoma County Treasurer and he is free to assert whatever rights he may have to any remaining proceeds of the sale of the debtor's assets or, if insufficient proceeds remain on hand, to the property sold under the authority of the Order entered on August 4, 2004.

This Order is entered without prejudice to the rights of other parties in interest to

---

**2.** Lacking any case or controversy it is probable that the *Burd* court lacked subject matter jurisdiction to enter the decision, but that's not an issue needing to be addressed here.