983 F.2d 1057
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ernest C. RICHARDSON, III, Appellant,
v.
PITT COUNTY; The Town of Ayden, Appellees,
and
First Federal Savings & Loan Association of Pitt County;
W.R. Smith, Pitt County Tax Collector; Ralph Ford, Ayden
Tax Collector; The United States of America, acting through
the Internal Revenue Service; North Carolina Department of
Revenue; The Kingsford Company; Imperial Briquet Corp;
Tampas, Inc.; Mead Products; Quinn Company, Inc.; Siler
City Mills, Inc.; Brown & Bigelow, Inc.; Webster
Industries, Inc.; Penley Corp., Miles Laboratories;
Kimberly Clark Corporation, Eagle Electric Manufacturing
Company, Inc.; D-Con Company, Inc.; Garvey Labelmatic;
Purex Corporation, Ltd.; Frigidaire Company; William E.
Rorer, Inc.; American Cyanamid Company; The Ansell
Corporation; Boyle Midway; Block Drug Company; The Quaker
Oats Company; Seaborad Industries, Inc.; Norton Company;
Safeway Products Division; Stroud Wholesale, Incorporated;
R.T. French Company, Simpson Equipment Company; Oakdale
Cotton Mills; Colgate-Palmolive Company; U.S. Playing Card
Company, Defendants.
In re STROUD WHOLESALE, INC., Debtor.
 No. 85-1422.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 10, 1985.
Decided Jan. 21, 1986.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. W. Earl Britt, Chief District Judge. (CA 84-25)
 Ernest C. Richardson, III, pro se.
 W.H. Watson (Vicki Y. Gregory; W.C. Brewer, Jr.; Speight, Watson and Brewer on brief), for appellees.
 E.D.N.C.
 AFFIRMED.
 Before HARRISON L. WINTER, Chief Judge, DONALD RUSSELL, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 After the bankruptcy court authorized the sale of real property of the corporate debtor free and clear of local governmental liens, the district court ruled that the bankruptcy court had erred. The sale having been made, the district court remanded the case to the bankruptcy court to determine how the proceeds of sale would have been distributed had the local governments brought a foreclosure proceeding against the property in state court and directed it to distribute the proceeds according to that determination.* The Trustee in bankruptcy appeals and we affirm.
 
 
 2
 While we do not necessarily agree with all that was said in the opinion of the district court in reversing the bankruptcy court, we think that the district court reached a correct, proper and equitable result. We therefore affirm for reasons sufficiently stated by the district court. In the Matter of Stroud Wholesale, Inc., No. 84-25-Civ-4, E.D.N.C. (March 26, 1985) (unpublished).
 
 
 3
 AFFIRMED.
 
 
 
 *
 The parties appear to agree that under this formulation the local governmental liens, arising from nonpayment of taxes, would be satisfied