## In the Matter of KERTON INDUSTRIAL.

## OAKLAND COUNTY TREASURER, Appellant,

v.

## David W. ALLARD, Jr., Appellee.

Civ. A. No. 90–71965.

Bankruptcy No. 87–02418–S.

United States District Court,
E.D. Michigan, S.D.

Sept. 13, 1991.

Richardo O. Kilpatrick, Shermeta, Chimko & Kilpatrick, Rochester Hills, MI.

Kay Standridge.

## OPINION

GADOLA, District Judge.

The instant appeal arises out of the sale of certain real property by the trustee. The property was encumbered by a tax lien in the amount of $8,397.92 and by two consensual liens in the amount of approximately $76,136.54 and approximately $110,000. The liens totalled over $194,000. The property was ultimately sold for $115,000.

The court is called upon to decide whether, under the circumstances of this case, 11 U.S.C. § 724(b) authorizes subordination of tax liens to administrative expenses incurred only as a result of the sale.

█ The case was filed as a Chapter 11 case on April 20, 1987. On August 24, 1987, a little over four (4) months later, it was converted to a Chapter 7 case. Prior to institution of the sale, there were no outstanding and pre-existing Chapter 11 administrative claimants. After the sale, the trustee sought subordination of the tax lien to administrative claims that were incurred solely as a result of the sale. The taxing authority, Oakland County Treasurer's Office ("OCT"), appellant herein, opposed subordination on two grounds: that 11 U.S.C. § 724(b) (authorizing subordination of tax liens) applies only to personal property: and that subordination under § 724(b) requires a benefit to the estate which is lacking in this case.

This court holds that where there are no outstanding and pre-existing administrative expenses, the sale of real property which

results in payment of administrative expenses associated only with its sale is not of any benefit to the estate.[1] Accordingly, a sale under such circumstances will not result in subordination of tax liens to the administrative expenses associated only with its sale under § 724(b). Because determination of this issue is determinative of the issue presented on appeal, the court will not address and does not express any opinion on the issue of whether § 724(b) applies to real property tax liens.

### I.

On April 20, 1987, the debtor filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Michigan. Appellant OCT immediately filed a proof of claim for unpaid real property taxes for the property which is the subject of this appeal.

The Chapter 11 petition was eventually converted to a Chapter 7 proceeding a little over four (4) months later, on August 24, 1987. This conversion followed an order to show cause issued by Judge Brody for the debtor's failure to attend a status conference, file timely financial statements, and illustrate any likelihood that a successful reorganization was possible.

Following conversion of this case, David Allard was appointed Chapter 7 trustee. Pursuant to 11 U.S.C. § 704, the trustee then sold certain personal property of the debtor. On April 2, 1989, nineteen (19) months after the case was converted, the trustee filed an application to sell the property which is the subject matter of this appeal. This application was amended and a second application was filed on May 16, 1989. This amended application alleges that the trustee received an offer of $107,-500 from the prospective purchaser, $5,500 of which was to be used purchase the personal property. The property was ultimately sold for $115,000 and an order issued allowing that sale.

OCT filed an objection to the trustee's application to sell property stating that the real property liens could not be transferred to proceeds but must be paid at the closing. The court overruled OCT's objections and allowed the sale to take place but advised the trustee to file a motion to distribute proceeds before paying any funds to creditors.

On November 15, 1989, the trustee filed its motion to distribute proceeds. OCT filed objections to this motion stating that the monies owed to it were a priority claim superior and paramount to all other liens on the property and that these liens must be paid before all other claimants. OCT further argued that 11 U.S.C. § 724(b) does not allow for subordination of real property tax claims but rather only allows subordination for personal property tax claims. Finally, OCT argued that the case law relied upon by the trustee in support of its position regarding subordination was distinguishable from the facts before the court at the time.

On May 29, 1990, Judge Shapero issued his memorandum opinion ruling that 11 U.S.C. § 724(b) does allow for subordination of real property tax claims to pay administrative claimants. Judge Shapero relied upon *In re K.C. Machine and Tool Company,* 816 F.2d 238 (6th Cir.1987) and *In re Kamstra,* 51 B.R. 826 (Bankr. W.D.Mich.1985) and on his interpretation of the legislative history of 11 U.S.C. § 724. It is from this opinion and order that the instant appeal is taken. A stay order pending this appeal was issued by Chief Judge Stephen Rhodes on August 22, 1990. As a part of that stay order, the trustee was directed to place $8,397.92 in an escrow account pending a determination of the appeal by this court.

### II.

Pursuant to § 724(b) the trustee may pay administrative claims to the extent of tax liens, subordinating the tax liens to the extent of the administrative claims. Thus, if the estate has property with a value of $100, a tax lien of $30 and a consensual lien of $80, the property is of no value to the

---

1. This presumes that the value of the property is less than the sum of the administrative claims and the secured claims attaching to the property.

estate absent the application of § 724(b) because the value of the secured claims exceeds the value of the property. If, however, the estate has incurred administrative expenses of $20, the trustee can receive payment of those expenses out of the proceeds of the property through the operation of § 724(b).

If the property is sold for $100, the trustee pays the administrative expenses of $20 first. The administrative claimants stand in the shoes of the tax lienor. The tax lienor is then paid the remainder of his lien after deducting the amount paid to the administrative claimants. Thus, in this case, the tax lienor would be paid $10. The consensual lienor is then paid his claim in full up to the value of the proceeds, in this case $70. The consensual lienor is unaffected by application of § 724(b). Taking second to the $30 tax lien, $70 is all he would have received anyway.

By paying priority administrative claims out of property that is otherwise without value to the estate, § 724(b) relieves the remainder of the estate of the burden of paying those priority claims. Funds from the remainder of the estate that would otherwise have gone to payment of these priority claims are, consequently, free to enhance the payment to general creditors.

This is the benefit intended by § 724, the benefit to general creditors on whose behalf only a trustee may sell property pursuant to § 724. *See, e.g., In re K.C. Machine and Tool Co.*, 816 F.2d 238, 247 (6th Cir. 1987) ("Here, because of § 724(b), administering (selling) the property promises a large *benefit* by increasing the funds available for distribution to administrative creditors." (Emphasis supplied).). Indeed, maximizing the estate for the benefit of general creditors is the essential duty of the trustee. For example, in the U.S. Government publication entitled, *The Handbook for Chapter 7 Trustees*, U.S. Department of Justice, Executive Office for United States Trustees (January, 1990), the following warning is given: "The trustee must not sell assets for the benefit of secured creditors where the *estate* will not obtain a benefit as well, through sharing in

proceeds or having expenses reduced." *Id.* at 138 (emphasis supplied).

 Obviously, a sale which pays only expenses incurred as a result of the sale does not benefit the estate whatsoever. All of the cases that the court has examined authorizing the sale of property pursuant § 724(b) are based on the implicit assumption that the *estate* will benefit. The parties have presented no case, and the court has found none, which explicitly authorizes the sale of property pursuant to § 724(b) under circumstances which provide no benefit to the estate. Accordingly, the court holds that, by negative implication, benefit to the estate is a *sine qua non* of proper subordination under § 724(b), and that in this case, the § 724(b) subordination was improper.

### III.

Because the court holds that subordination pursuant to § 724(b) is not proper when the sale proceeds do not go pay any preexisting and outstanding administrative claims, the court REVERSES the May 29, 1990 memorandum opinion of the bankruptcy court in this matter and ORDERS that the $8,397.92 be paid to appellant OCT.