**In re A.G. VAN METRE, JR., INC., Debtor.**

**Donald F. KING, Trustee, Plaintiff,**

v.

**BOARD OF SUPERVISORS OF FAIRFAX COUNTY, Defendant.**

**Bankruptcy No. 91–13470–AT.
Adv. Pro. No. 91–1344.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

March 23, 1993.

Dante M. Filetti, Odin, Feldman & Pittleman, P.C., Fairfax, VA, for trustee/plaintiff.

Dennis R. Bates, Sr. Asst. County Atty., Fairfax, VA, for defendant.

**AMENDED MEMORANDUM OPINION**

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This adversary proceeding comes before the court on the trustee's Complaint to

Subordinate and Release Tax Lien pursuant to 11 U.S.C. § 724(b). Trial was held on September 16, 1992, and for the reasons stated in this opinion the court determines that sale of certain real property is warranted under 11 U.S.C. § 363(f)(3) and that 11 U.S.C. § 724(b) allows the trustee to subordinate the defendant's tax lien.

### Findings of Facts

Debtor A.G. Van Metre, Jr., Inc., holds an interest in real property located at 7300 Telegraph Square Drive in Lorton, Virginia (the "property"). The property is subject to a first deed of trust held by Central Fidelity Bank in the amount of $1,500,-000.00. The property is also subject to a prepetition statutory real property tax lien held by the defendant Fairfax County in the amount of $18,000.00.

Debtor filed its bankruptcy petition on December 28, 1990, and Donald F. King is the acting chapter 7 trustee (the "trustee").

Trustee has negotiated a contract to sell the property to Capitol Wholesale, Inc., for $785,000.00. During the negotiation process Central Fidelity agreed to reduce the amount of its lien to $700,000.00 in exchange for payment in full (i.e., $700,-000.00) at closing.

Trustee filed a motion pursuant to 11 U.S.C. § 363 to sell the property under the contract free and clear of liens, and on July 1, 1992, this court entered an order granting the motion. The order provides that sale of the property shall be made free and clear of all liens, claims and interest, all of which are to attach to the proceeds of the sale; provided, however, Central Fidelity's lien or claim in the amount of $700,000.00, as well as usual and reasonable seller's closing costs, are to be paid in full at closing from the proceeds of the sale, with the balance to be held by the trustee pending final distribution of the assets of the bankruptcy estate. As of the date of trial settlement on the sale of the property had not occurred.

Trustee now seeks court permission to distribute anticipated net sale proceeds of approximately $85,000.00 pursuant to 11 U.S.C. § 724(b). Trustee testified the es-tate has incurred over $50,000.00 of administrative expenses to date, and proposes to pay a portion of these expenses ahead of the defendant's secured tax lien.

### Positions of Parties

TRUSTEE.

Trustee argues sale of the property free and clear of liens is justified under 11 U.S.C. § 363(f)(3) since the sale price ($785,000.00) is greater than the aggregate value of liens on the property ($718,000.00). Accordingly, trustee submits the only issue for the court to consider is the proper application of the 11 U.S.C. § 724(b).

Trustee further argues that § 724(b) is a distribution statute that mandates, or at least permits, the trustee to subordinate the payment of the defendant's tax lien to payment of administrative expenses allowed under 11 U.S.C. § 507(a)(1)–(6).

FAIRFAX COUNTY.

Defendant argues the property cannot be sold under 11 U.S.C. § 363(f) absent full satisfaction of its lien from the proceeds; allowing the sale to go through without full satisfaction of its lien from the proceeds violates the requirement of "indubitable equivalence" as "adequate protection" set forth in 11 U.S.C. § 361(3) and 11 U.S.C. § 363(e).

Since the court found "adequate protection" to approve the sale by attaching the defendant's lien to the proceeds, the defendant argues it would be grossly inequitable for the court to allow the trustee to undermine that "adequate protection" after the fact.

Defendant also argues the trustee has acted inequitably by not disclosing his intention to argue that § 724(b) subordinated its lien at the time he sought approval of the sale free and clear of the defendant's lien.

Lastly, the defendant argues that § 724(b) is ministerial only and does not allow, much less mandate, the proposed treatment of its lien.

*Discussion and Conclusions of Law*

The parties have raised two separate and distinct issues relevant to resolving this dispute:

1) Whether this court's order to sell the property free and clear of liens was warranted under 11 U.S.C. § 363(f),[1] and

2) Whether 11 U.S.C. § 724(b) allows the trustee to subordinate the defendant's secured statutory tax lien to the payment of certain administrative expenses.

The court addresses each issue separately.

THE § 363(F) ISSUE.

Section 363(f) of the Bankruptcy Code states in pertinent part:

The trustee may sell property under ... this section free and clear of any interest in such property of an entity other than the estate only if—

. . . . .

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

11 U.S.C. § 363(f)(3).

■ The property the trustee seeks to sell is encumbered by two interests, the first deed of trust held by Central Fidelity Bank ($1,500,000.00) and defendant's secured statutory tax lien ($18,000.00).

However, as a result of negotiations by the trustee Central Fidelity agreed to reduce its lien to $700,000.00 in order to consummate a sale of the property to Capitol Wholesale, Inc. at a price of $785,000.00. Central Fidelity's lien reduction was conditioned upon receiving payment at closing. Accordingly, the propriety of the sale under 11 U.S.C. § 363(f)(3) depends on whether the sale price "is greater than the aggregate *value*" of all liens on the property. The court believes this requirement is satisfied.

Although Central Fidelity's deed of trust ($1,500,000.00) alone well exceeds the proposed sale price the court's focus is on the *value* of the lien under the terms of the proposed sale ($700,000.00). *See e.g., In re Beker Industries Corp.,* 63 B.R. 474, 476 (Bankr.S.D.N.Y.1986), *rev'd on other grounds,* 89 B.R. 336 (S.D.N.Y.1988). Accordingly, the court finds the sale price ($785,000.00) exceeds the "aggregate *value*" of all liens on the property ($718,000.00) and reaffirms its July 1 order approving the sale under 11 U.S.C. § 363(f)(3).

The defendant primarily relies on the district court's opinion in *In re Stroud Wholesale, Inc.,* 47 B.R. 999 (E.D.N.C.1985), *reversing in part In re Stroud Wholesale, Inc.,* 37 B.R. 735 (Bankr.E.D.N.C.1984), to support its position that sale of this property is inappropriate under § 363(f) unless its lien is fully satisfied from the proceeds. The court finds the district court's opinion in *Stroud* inapplicable to this case.

The bankruptcy court in *Stroud* was faced with three basic issues:

1) May the court authorize the trustee to sell real property free and clear of statutory tax liens over the objection of the lienholder, and if so, what is the effect on the statutory tax liens?

2) Is 11 U.S.C. § 724(b) constitutional?

3) How are the tax claims to be treated in the distribution of funds in the possession of the trustee?

*See In re Stroud Wholesale, Inc.,* 37 B.R. 735, 737 (Bankr.E.D.N.C.1984).

The bankruptcy court found the first issue moot because the sale order was not appealed. *In re Stroud Wholesale, Inc.,* 37 B.R. at 738. Accordingly, the bankruptcy court did not address the issue raised by § 363(f)(3). As to the second issue the bankruptcy court found § 724(b) constitutional. *Id.* at 739. Finally, as to the third issue the bankruptcy court found § 724(b) to be a distribution statute designed for the purpose of subordinating secured statutory tax liens to the payment of certain administrative expenses. *Id.* at 741.

**1.** While arguably moot, the court will address the § 363(f) issue. In *In re Stroud Wholesale, Inc.,* 47 B.R. 999 (E.D.N.C.1985) the district court found that a similarly situated defendant need not have appealed the bankruptcy court's sale order to later challenge it on appeal. Although I do not believe the district court's opinion in *In re Stroud* is binding authority, I do believe an analysis of § 363(f) is warranted at this time.

The district court reversed the bankruptcy court only as to the first issue: the bankruptcy court's order allowing sale of the property under § 363. In fact, the district court's opinion addressed only this issue.[2]

The district court in *Stroud* found the bankruptcy court erred in authorizing the sale of the property under § 363(f) because the aggregate value of the secured interests on the property far exceeded the sale price. *In re Stroud Wholesale, Inc.*, 47 B.R. 999, 1001 (E.D.N.C.1985). After payment of the first deed of trust, approximately $46,000.00 of proceeds remained to pay approximately $90,000.00 of outstanding liens, including the statutory tax liens. *In re Stroud Wholesale, Inc.*, 37 B.R. 735, 737 (Bankr.E.D.N.C.1984). Therefore, the district reversed and found that no provision of § 363(f) would have permitted a sale of this property free and clear of liens. *In re Stroud Wholesale, Inc.*, 47 B.R. 999 (E.D.N.C.1985). However, the court could not disturb a valid sale to a bona fide purchaser so it granted the tax lienholders a share in the proceeds to the full extent of their liens as though the sale had been subject to all liens and interests rather than free and clear of those liens and interests. *Id.* at 1003.[3]

The district court's opinion in *Stroud* is clearly distinguishable from this case. In *Stroud* the aggregate value of the interests encumbering the property exceeded the sale price by roughly $45,000.00. In this case the sale price exceeds the aggregate value of interests encumbering the

property by approximately $67,000.00. Therefore, sale of the property free and clear of liens is warranted in this case under § 363(f)(3).[4]

■ Nevertheless, the defendant relies on dictum from the district court's opinion in *Stroud* to support its assertion that selling the property is impermissible unless its lien is satisfied in full from the sale proceeds. When analyzing the application of § 363(f)(5) in liquidation cases the district court in *Stroud* stated in dictum:

In liquidation cases, where none of the conditions listed in section 363(f)(1)–(f)(4) apply, the debtor's property should not be sold free and clear of creditor's interests unless those creditors receive full satisfaction of their interests.

*In re Stroud Wholesale, Inc.*, 47 B.R. at 1003.

Although this statement is generally true considering the adequate protection requirement of § 363(e), it begs the question of the effect § 724(b) has on the status of statutory tax liens. It would be illogical to require full satisfaction of statutory tax liens as a condition to the approval of sales pursuant to § 363(f)(3) when § 724(b) explicitly provides otherwise. Although the defendant correctly states §§ 361(3) and 363(e) generally require "indubitable equivalence" as "adequate protection" of perfected secured claims, § 724(b) sets forth a definite exception to this general rule in cases involving statutory tax liens.

THE § 724(B) ISSUE.

■ Section 724(b), a provision applicable only in chapter 7 cases, provides a compli-

---

**2.** The district court's opinion is silent on the application and effect of 11 U.S.C. § 724(b).

**3.** In an unpublished opinion the Fourth Circuit affirmed the district court's opinion in less than enthusiastic fashion stating:

While we do not necessarily agree with all that was said in the opinion of the district court in reversing the bankruptcy court, we think that the district court reached a correct, proper, and equitable result. We therefore affirm for reasons sufficiently stated by the district court.

*In re Stroud,* No. 85–1422, 1986 WL 181749 (4th Cir. Jan. 21, 1986) (unpublished opinion).

**4.** The defendant also relies on two unreported cases from this district to support its position: *In re Tipco Homes, Inc.,* Case No. 91–10187–AB, Adv. Pro. Nos. 91–1302–05; and *In re Virginia Run Limited Partnership,* Case No. 91–10188–AB, Adv. Pro. No. 91–1345. In these cases the court denied the trustee's subordination effort.

However, these cases are similarly distinguishable in that no surplus was realized from the sales. These cases also involved state foreclosure proceedings as opposed to a proposed sale pursuant to 11 U.S.C. § 363. In these cases the court also found the lienholders did not receive notice or an opportunity to be heard because the sale was not administered under title 11. These concerns are simply not present in this case.

cated rule which subordinates a secured tax claimant's right to distribution of property of the estate to the rights of the holder of claims entitled to priority under 11 U.S.C. § 507(a)(1)–(6). *See* 11 U.S.C. § 724(b)(1)–(6). Section 724(b) provides that property (or its proceeds) encumbered by a tax lien *shall* be distributed in the following manner:

(1) first, to any holder of an allowed claim secured by a lien on such property that is not avoidable under this title and that is senior to such tax lien;

(2) second, to any holder of a claim of a kind specified in section 507(a)(1), 507(a)(2), 507(a)(3), 507(a)(4), 507(a)(5) or 507(a)(6) of this title, *to the extent of the amount of such allowed tax claim that is secured by such tax lien;*

(3) third, to the holder of such tax lien, to any extent that such holder's allowed tax claim that is secured by such tax lien exceeds any amount distributed under paragraph (2) of this subsection;

(4) fourth, to any holder of an allowed claim secured by a lien on such property that is not avoidable under this title and that is junior to such tax lien;

(5) fifth, to the holder of such tax lien, to the extent that such holder's allowed claim secured by such tax lien is not paid under paragraph (3) of this subsection; and

(6) sixth, to the estate.

11 U.S.C. § 724(b) (emphasis added).

The result of these provisions is to subordinate payment of statutory tax liens to the payment of administrative expenses (up to the amount of the tax liens) while leaving senior consensual lienholders, junior consensual lienholders and holders of unsecured claims undisturbed.[5]

Although these rules are difficult to conceptualize they are relatively simple to apply. To illustrate, the court sets out a hypothetical distribution under § 724(b) for this case:

| Distribution of Proceeds | | Balance |
|---|---|---|
| Estimated Gross Proceeds | | $785,000.00 |
| (i) payment of senior consensual lienholders.[6] | −[$0.00] | |
| | | $785,000.00 |
| (ii) payment of claims entitled to priority under § 507(a)(1)–(6) to the extent of the allowed amount of the secured statutory tax lien. | −[$18,000.00] | |
| | | $767,000.00 |
| (iii) payment of secured statutory tax lien to the extent > priority claims paid in (ii). | −[$0.00] | |
| | | $767,000.00 |
| (iv) payment of Central Fidelity's junior consensual lien. | −[$700,000.00] | |
| | | $67,000.00 |
| (v) payment of secured statutory tax lien to the extent not paid in (iii). | −[$18,000.00] | |
| | | $49,000.00 |
| (vi) remainder to the estate. | −[$49,000.00] | |
| | | $0.00 |

---

5. *See In re Darnell,* 834 F.2d 1263, 1267–68 n. 9 (6th Cir.1987); *In re K.C. Machine & Tool Company,* 816 F.2d 238, 244–45 (6th Cir.1987); *In re Kerton Industrial,* 151 B.R. 101, 102 (E.D.Mich. 1991); *In re Dowco Petroleum, Inc.,* 137 B.R. 207, 210 (Bankr.E.D.Tex.1992); *In re Packard Properties, Ltd.,* 112 B.R. 154, 156 (Bankr. N.D.Tex.1990); *In re Sherrill,* 78 B.R. 804, 807 (Bankr.W.D.Tex.1987); *In re Granite Lumber Company,* 63 B.R. 466, 470–71 (Bankr.Mont. 1986); *In re Stroud Wholesale, Inc.,* 37 B.R. 735, 741 (Bankr.E.D.N.C.1984); William L. Norton, Jr., Annual Survey of Bankruptcy Law 191–92

(1992); 4 Lawrence P. King, Collier on Bankruptcy ¶ 724.03[2] (15th ed. 1992).

6. The terms "senior" and "junior" as used in § 724(b) refers to the priorities established under non-bankruptcy law and not the federal rule of "first in time, first in right." *See Pearlstein v. Small Business Administration,* 719 F.2d 1169, 1175–76 (D.C.Cir.1983).

In Virginia, real estate tax liens have priority status. Section 58.1–3340 of the Virginia Code states:

At this time the court lacks sufficient information to precisely determine whether the defendant's tax lien would be paid from sale proceeds under the fifth priority in § 724(b)(5). However, unless the above figures are inaccurate or there are other junior consensual lienholders with considerable claims, it appears the defendant's tax lien would be paid in full from the sale proceeds.

In summary, the result of the subordination process is that the statutory tax liens essentially retain their secured status, but their treatment in the scheme of distribution is altered so that instead of being paid ahead of secured creditors and all administrative claimants, they are paid after secured creditors with senior liens and after § 507(a)(1)–(6) administrative claimants, but only to the extent of the amount of the tax liens. Then if administrative claims happen to equal or exceed the amount of statutory tax liens, the statutory tax liens are paid behind the claims of junior consensual lienholders. However, if sale proceeds are exhausted during payment of junior consensual lienholders then statutory tax liens are treated as unsecured.[7] Again, although conceptually difficult the distribution scheme set forth in § 724(b) plainly allows subordination of statutory tax liens to the payment of administrative expenses to the extent of the amount of the tax liens.

Accordingly, the court reaffirms its order authorizing the sale of the property free and clear of liens under 11 U.S.C. § 363(f)(3). Furthermore, the court concludes § 724(b) allows the trustee's to pay $18,000.00 of § 507(a)(1)–(6) administrative expenses ahead of the defendant's $18,-000.00 statutory tax lien. The defendant's tax lien can be treated as secured to the extent proceeds are available for distribu-

tion under § 724(b)(5). Otherwise, the defendant's statutory tax lien can be treated as an unsecured claim which, if it satisfies the requirements of § 507(a)(7)(B), will be entitled to a priority.

A separate order has been entered.

---

There shall be a lien on real estate for the payment of taxes and levies assessed thereon prior to any other lien or encumbrance. The lien shall continue to be such prior lien until actual payment shall have been made to the proper officer of the taxing authority.
Va.Code Ann. § 58.1–3340 (Michie 1991).
   Accordingly, there can be no distribution in this case under § 724(b)(1) since under Virginia

law no liens are "senior to such tax lien." In this case the first distribution occurs under § 724(b)(2).

7. Of course, if the tax liens satisfy the requirements of § 507(a)(7)(B) they would be entitled to a priority.