**In re Mark SHARY and Julie Shary, Debtors.**

**Bankruptcy No. B92–14437(B).**

United States Bankruptcy Court, N.D. Ohio, E.D.

March 23, 1993.

Steven S. Davis, Cleveland, OH, for debtors.

Enid Kushner, Javitch, Block, Eisen & Rathbone, Cleveland, OH, for trustee.

William T. McGinty, McGinty & Hilow, Cleveland, OH, Sp. Counsel to the Atty. Gen.

Patrick J. McIntyre, Seeley, Savidge & Aussem, Cleveland, OH, for Creative Cafe's Inc.

U.S. Trustee, Cleveland, OH.

MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

In the above-styled adversary proceeding Joel H. Rathbone (Trustee) sought authority to sell certain of the Debtors' personal property during the course of administering the Debtors' Chapter 7 estate. Among the various items sold was a D–5 liquor permit issued by the State of Ohio (See, Motion For Authority To Sell, etc. filed 8–31–92). The assets were sold to Creative Cafe's, Inc. for the sum of $90,000.00, pursuant to an asset purchase agreement. (See, Order Confirming Sale, filed 10–5–92). Notice of the Trustee's intent to accept the terms of the Agreement was served upon all entitled parties, with no objections being

filed thereto. The sale of assets to Creative Cafe's, Inc. was duly confirmed by order of this Court, as amended. (See, Amended Order Confirming Sale, dated 12–18–92). Subsequent to the confirmed sale, the Trustee presently seeks an order which would compel the State of Ohio to effect the transfer of the liquor license to the asset purchaser, Creative Cafe.

This is a core matter wherein a hearing on the motion was held, with notice being given to all entitled parties. To resolve this contested matter, the Court must determine whether the State of Ohio can be ordered to transfer a liquor license to an asset purchaser where unpaid tax obligations exist.

Under § 363(b)(1) of the Bankruptcy Code [11 U.S.C. § 363(b)(1)], a trustee is authorized to use, sell or lease estate property other than in the ordinary course of the debtor's business. The only constraint to such use, sale or lease by the trustee is found in the provisions of § 363(d) which provides that such conduct must not be inconsistent with any relief granted under §§ 362(c), 362(d), 362(e), or 362(f) of Title 11 of the United States Code. Subsection (e) of § 363, further provides that the Court may condition such intended use, sale or lease in order to provide adequate protection to an affected party in interest.

Beyond those concerns, § 363(f) expressly provides that a trustee may sell, after notice and hearing, property under § 363(b) or (c) free and clear of any interest in the property other than the estate's interest if the following prerequisites are found:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. (11 U.S.C. § 363(f)).

Subsection (f) of § 363 primarily involves situations wherein the debtor wishes to sell property free and clear of an existing and valid security interest. Courts generally approve nonordinary course sales under § 363(b)(1) where two standards are met: (1) business justification; and (2) the sale occurred in good faith. *In re Met–L–Wood Corp.*, 861 F.2d 1012 (7th Cir.1988) *cert. denied*, 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 157 (1989); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir.1983); *In re Continental Airlines, Inc.*, 780 F.2d 1223 (5th Cir.1986). Further, the five conditions enumerated under 363(f) are disjunctive and, as such, a sale thereunder can be authorized if the trustee can prove any of the five conditions. The debtor or trustee need not prove all of them. Prior to Congress' enactment of § 363(f), no similar feature existed in the Bankruptcy Commission's statute nor in the Bankruptcy Act of 1898.[1]

In the matter at bar, the subject sale was approved without objections. Specifically, the State of Ohio filed no objection to the sale. The sale was duly confirmed. The State of Ohio presently resists the transfer of the liquor license due to presale tax obligations remaining unsatisfied. Having remained silent during the sale confirmation process, the State cannot be presently heard meritoriously in opposing the transfer of the liquor license. To the extent that the State may have possessed a valid security interest in any of the property sold, without a sustained objection, such interest was transferred to the proceeds of sale. Moreover, the State's failure to object to the sale, or the confirmation of the sale, implicitly conveyed its consent to the sale as found under § 363(f)(2). *See, Equibank v. Wheeling–Pittsburgh Steel Corp.*, 884 F.2d 80 (3d Cir.1989). The state, undisputedly, had knowledge of the sale during its pendency and was duly noticed. Under Rules 6004 and 2002, Bankr.R., a creditor who receives notice, but fails to oppose the

---

1. See, Bankruptcy Commission Report §§ 7–203, 7–205, H.R.Doc. 137, Part II, 93d Cong., 1st Sess. 236, 239 (1973); *Bankruptcy* Epstein, D.G., *et al.*, p. 192, West Publishing Co. (1993).

proposed sale, is deemed to have consented. This is precisely what occurred in the present matter. With the subject sale being duly confirmed, without opposition, the assets attendant to that confirmed sale must be conveyed forthwith in accordance with the terms of the asset purchase agreement. Not only has the State's Liquor Control Commission filed no objection to the sale of assets, it further has not opposed the Trustee's motion to compel the license transfer.

■ Under § 541 of the Bankruptcy Code [11 U.S.C. § 541], estate property is defined as including all legal and equitable interests of the debtor in property as of the commencement of the case. As the Code does not define the term "property," applicable nonbankruptcy law must be examined to determine the existence and scope of a debtor's interest in the liquor license.[2] Once state-created rights are defined, federal law governs whether those rights are rights to property or otherwise. *See, Rodriguez v. Escambron Devel. Corp.*, 740 F.2d 92, 97 (1st Cir.1984).

■ Herein, the Court must further determine whether restrictions governing the transfer of liquor licenses are to be interpreted as limiting the debtor's property interest in the license to something less than full title or, rather, should the debtor be considered as having a full property interest subject to a restriction on transfer enforceable against the estate? The issue presented is not novel. The two leading opinions addressing this issue are the Sixth Circuit's opinion in *Terwilliger's Catering* and the Ninth Circuit's opinion in *Farmers Markets*.[3] These cases reflect opposing views regarding the enforcement of state restrictions on the transfer of liquor licenses in bankruptcy proceedings. In *Terwilliger's*, the Sixth Circuit held that since an Ohio liquor license could be transferred, sold, inherited and renewed, and has a pecuniary value to its holder, the liquor license constituted property or rights to property within the framework of the

Bankruptcy Code. *Terwilliger's, supra*, at 1171–72. In so ruling, the Sixth Circuit fully acknowledged Ohio law which provided:

The department of liquor control shall not transfer ownership [of a liquor license] until returns known to be delinquent are filed and until any such tax delinquency are resolved. As used in this division, "resolved" means the tax delinquency has been paid or an amount sufficient to satisfy the delinquency is in escrow for the benefit of the estate. [Ohio Rev.Code Ann. § 4303.26(B)(1) ].

In view of the above Ohio law, the Sixth Circuit characterized Ohio's statutory limitation as a state lien interest. Consequently, the Ohio statutory restriction, treated as a lien by the Sixth Circuit, became vulnerable to bankruptcy law provisions which impinge upon or invalidate liens. Ultimately, the Sixth Circuit held, *inter alia*, that the license was deemed to be estate property within the Bankruptcy Code's definition of 11 U.S.C. § 541(a). (Contrary to the Sixth Circuit's holding, the Ninth Circuit, in *Farmers Markets*, held, *inter alia*, that the debtor's estate takes the liquor license subject to the restrictions imposed on the debtor by its transferor. *Farmers Markets, supra*, at 1403.) This Court adopts the holding of the Sixth Circuit as being the more well-reasoned resolution of this issue. Further, the Sixth Circuit in *Terwilliger's* correctly opined that a reservation of rights by a third party may constitute a lien even if not labeled as such. *Terwilliger's*, at 1175.

It is uncontested that the D–5 liquor license is property of the Debtor's bankruptcy estate. See, 11 U.S.C. § 541(a); *In re Terwilliger's Catering Plus, Inc.*, 911 F.2d 1168, 1172 (6th Cir.1990) ("We believe the [liquor] license constitutes property within the meaning of the Bankruptcy Code.") Whereas the nature and extent of the debtor's interest are determined by state law, it is the domain of preemptive federal law which dictates to what extent

---

**2.** *"Liquor License Transfer Restrictions in Bankruptcy,"* Hertz, M.T., 19 California Bankr.Jnl. 97.

**3.** *In re Terwilliger's Catering*, 911 F.2d 1168, 1171 (6th Cir.1990); *In re Farmers Markets*, 792 F.2d 1400, 1402 (9th Cir.1986).

the interest is property of the debtor's estate. *Id., citing, In re N.S. Garrott & Sons,* 772 F.2d 462, 466 (8th Cir.1985); *In re Tittabawassee Inv. Co.,* 831 F.2d 104 (6th Cir.1987).

As the Sixth Circuit noted in *Terwilliger's,* Ohio's statutory law (§ 4303.26(B)(1)) seeks to prevent liquor license transfers when state taxes remain unpaid. *Terwilliger's* at 1175. The Circuit further noted that the effect of that law subserves the state's debt collection method. It further observed that "all debt collection methods that purport to attach to a particular interest in property serve to limit a debtor's interest in the property." *Id.* More importantly, the Sixth Circuit noted that, absent the trustee's action to sell the license, the state would have no right to collect its tax obligation by selling the license and applying the proceeds in satisfaction of the state tax debt. The same is found to be true in the present case. *Id.;* fn. 13, p. 1177.

In summary, the sale was duly authorized, conducted and confirmed without opposition pursuant to §§ 363(b) and (f) free and clear of liens and other security interests. Neither the State's Department of Taxation nor its Liquor Control Board objected to any of the above-mentioned judicial processes. The D–5 liquor license, as of the commencement of the case, constituted estate property pursuant to 11 U.S.C. § 541(a). No constraints exist under the Bankruptcy Code to thwart an immediate conveyance of the license to the purchaser of the Debtor's assets. To the extent that applicable state law provides to the contrary, the same is specifically preempted by federal bankruptcy law as set forth herein.

### Conclusion

Accordingly, the Trustee's Motion To Compel Transfer is hereby granted. The subject D–5 liquor license is to be transferred forthwith and no later than fifteen days from the entry of this Order and Judgment.

**IT IS SO ORDERED.**