16 F.3d 414
 73 A.F.T.R.2d 94-905
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re A.G. Van METRE, Jr., Incorporated, Debtor.
BOARD OF SUPERVISORS OF FAIRFAX COUNTY, Plaintiff-Appellant.
v.
Donald F. KING, Defendant-Appellee.
 No. 93-1706.
 United States Court of Appeals, Fourth Circuit.
 Jan. 20, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Dennis Roane Bates, Fairfax, VA.
 Sally Ann Hostetler, Odin, Feldman & Pittleman, Fairfax, VA.
 David P. Bobzien, Fairfax, VA.
 E.D.Va.
 AFFIRMED.
 Before LUTTIG and MICHAEL, Circuit Judges, and KEELEY, United States District Judge for the Northern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The Board of Supervisors of Fairfax County (the"Board") appeals the district court's order affirming the bankruptcy court's decision to subordinate the Board's $18,000 tax lien (on real property) to certain administrative expenses. The Board's central argument is that a trustee's sale of encumbered property free and clear of a tax lien pursuant to 11 U.S.C. Sec. 363 precludes subordination of the tax lien under section 724(b). We disagree, and affirm on the reasoning of the bankruptcy court. In re A.G. Van Metre, Jr., Inc., 155 B.R. 118 (Bankr.E.D. Va.1993), aff'd, No. 93-146-A (E.D. Va. May 7, 1993).
 
 
 2
 In a second argument that takes up barely a page in its brief, the Board contends that the district court, in affirming the subordination decision, rendered an unconstitutional advisory opinion. The Board's argument is that even if section 724(b) (allowing subordination of tax liens) generally trumps section 363(e) (requiring"adequate protection" for perfected liens), the subordination decision was unnecessary here because the sale of the encumbered property will yield enough money to pay the Board's tax lien in full. Neither the record before us nor the design of section 724(b) allows us to conclude that the subordination decision was unnecessary.
 
 
 3
 The bankruptcy court concluded that it "lack[ed] sufficient information to precisely determine whether the [Board's] tax lien [after subordination] would be paid from sale proceeds under the fifth priority in Sec. 724(b)(5)." 155 B.R. at 123. The district court likewise lacked that information, and we lack it as well.* In any event, it is consistent with section 724(b) to subordinate a tax lien even when the sale of the encumbered property might generate enough money to pay the subordinated tax lien in full. Specifically, section 724(b)(6) anticipates such a situation and provides that the surplus be distributed to the estate.
 
 
 4
 The order of the district court is affirmed.
 
 AFFIRMED
 
 
 *
 Although the bankruptcy court has approved the sale of the property and a sales contract has been executed, closing will not occur until certain site remediation conditions are satisfied