**In re Mark SILVER, Lynn Silver, Debtors.**

**No. 01–34025–DOT.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

March 2, 2004.

---

James E. Anderson, Richmond, VA, for Debtors.

## MEMORANDUM OPINION

DOUGLAS O. TICE, JR., Chief Judge.

The chapter 7 trustee filed a motion to sell real property of the estate free and clear of liens and interests pursuant to 11 U.S.C. § 363. The property, which is owned by debtors, is subject to a first deed of trust, ten federal tax liens, one tax lien held by the Commonwealth of Virginia, and two liens held by the County of Henrico, Virginia. The value of these interests greatly exceeds the tax assessed value of the real property as well as the sale price proposed by the trustee.

For reasons stated below, the motion will be denied.

### Findings of Fact.

Debtors Mark and Lynn Silver own real property located at 10517 Gayton Road, Henrico County, Virginia. The county tax assessed value of the property is between $214,900.00 and $219,000.00.[1] Crestar Mortgage Corporation has a first deed of trust lien against the property with a balance of $89,000.00. In addition, the realty is subject to 1) ten federal tax liens in the total amount of $526,597.32;[2] 2) one Commonwealth of Virginia tax lien of $42,935.03;[3] and 3) one Henrico County 2003 ad valorem tax lien of $1,010.03 and one $90.65 utility lien. The total of these encumbrances on debtors' property is $659,633.03.

On July 3, 2001, debtors filed this chapter 7 bankruptcy case, and Keith L. Phillips serves as trustee. On May 10, 2002, AmeriCredit filed a proof of claim alleging a $4,904.90 claim secured by a motor vehicle. The IRS filed a proof of claim on June 10, 2002, alleging an aggregate $457,825.65 claim secured by tax liens on all of debtors' right, title, and interest to property pursuant to 26 U.S.C. § 6321. No proofs of unsecured claims were filed in the case. The trustee moved on October 1, 2003, for authority to sell debtors' real property free and clear of all encumbrances. The only responses to the motion to sell were filed by Henrico County, Crestar Mortgage, and debtors.

### Discussion and Conclusions of Law.

Section 363 of the Bankruptcy Code authorizes a bankruptcy trustee to use, sell,

---

1. In his motion, trustee states the property's tax assessed value as $214,900.00. Debtors state the assessed value is $219,000.00. The trustee has advised the court that a sale value of $235,000.00 was placed on the property by a real estate broker contacted by debtors.

2. The ten IRS liens recorded against the property are as follows:
   (1) $48,744.81 dated June 30, 1995, and docketed July 7, 1995;
   (2) $53,702.34 dated March 6, 1995, and docketed March 16, 1995;
   (3) $27,537.92 dated March 6, 1995, and docketed March 9, 1995;
   (4) $47,935.03 dated February 1, 1995, and docketed February 21, 1995;
   (5) $101,936.38 dated June 7, 1994, and docketed June 14, 1994;
   (6) $23,781.67 dated July 18, 1999, and docketed July 23, 1999;
   (7) $50,390.75 dated June 7, 1994, and docketed June 18, 2002;
   (8) $91,328.16 dated June 7, 1994, and docketed May 7, 2003;
   (9) $53,702.34 dated April 13, 1990, and docketed April 20, 1990; and
   (10) $27,537.92 dated November 2, 1989, and docketed November 9, 1989.

3. The $42,935.03 Virginia tax lien recorded against the property was dated February 1, 1995 and docketed February 21, 1995.

or lease property of the estate. Section 363(b) states that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In order to sell property pursuant to 363(b), however, the trustee must also satisfy one of the five conditions prescribed under § 363(f). Section 363(f) provides that a trustee:

> may sell property under subsection (b) ... free and clear of any interest in such property of an entity other than the estate, only if—
>
> > (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> >
> > (2) such entity consents;
> >
> > (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> >
> > (4) such interest is in bona fide dispute; or
> >
> > (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f); see WBQ P'ship v. Commonwealth of Va. Dep't of Med. Assistance Servs. (In re WBQ P'ship), 189 B.R. 97, 105 (Bankr.E.D.Va.1995); In re Collins, 180 B.R. 447, 450 (Bankr.E.D.Va. 1995).

The court will address only § 363(f)(2), (3), and (5). Section 363(f)(1) is inapplicable in this case because there is no non-bankruptcy law that permits sale of the property free and clear of interests, and § 363(f)(4) is inapplicable because the validity of the interests in the property are not in dispute.

CONSENT TO SALE—§ 363(f)(2)

■ The trustee argues that he has satisfied the consent requirement of § 363(f)(2). According to the trustee, Crestar Mortgage consented to the sale by not objecting to trustee's motion within the time allotted by the notice of motion to sell, and the IRS consented by appearing at hearing and supporting trustee's motion. The trustee does not address whether Henrico County or the Commonwealth of Virginia have consented to the sale.

Courts are split on whether a creditor's failure to object to a motion to sell constitutes consent to a sale free and clear of interests. Some bankruptcy courts authorize sales of property of the estate where the consent of parties in interest is either express or implied. See, e.g., Hargrave v. Pemberton (In re Tabone), 175 B.R. 855, 858 (Bankr.D.N.J.1994); In re Shary, 152 B.R. 724, 725 (Bankr.N.D.Ohio 1993). Other bankruptcy courts reject the notion of consent by conduct and require interested parties to explicitly express their consent to a sale of property of the estate. See, e.g., In re Roberts, 249 B.R. 152, 155–56 (Bankr.W.D.Mich.2000).

This court has usually allowed sales of estate property where a lien or interest holder fails to respond to a motion to sell provided that the sale proceeds will be sufficient to pay liens of non-responsive parties. However, I am reluctant to accept silence as consent where, as here, the proceeds are not sufficient. Because the Commonwealth of Virginia did not respond to the motion the court finds that the state has consented to the sale only if it stands to be paid in full.

Although the IRS did not respond to the trustee's motion to sell, it has expressed its consent by appearing at the hearing in support of the motion.

Crestar Mortgage filed a response to the motion stating its conditional approval of the sale. In substance, Crestar's position is that it does not object to the sale provid-

ed its secured claim is paid in full, and the court bars any assessment of a § 506(c) surcharge against Crestar for the expenses of sale. Henrico County's response also states the county's approval of the sale as long as its liens are paid in full.

It is clear from information available that the sale of the subject realty will not result in a price high enough to satisfy all of the liens on the property. It is also possible, even likely, that the sale proceeds received by secured creditors would be reduced by an allocation of expenses of sale. Under these circumstances, the court is unable to find that all holders of interests in the property have consented to the sale.

SALE PRICE EXCEEDS AGGREGATE VALUE OF LIENS—§ 363(f)(3)

In their objection to the trustee's motion, debtors allege that the trustee cannot satisfy § 363(f)(3) because the value of the liens against the property exceeds the property's value. Debtors assert that after reducing the value of the property by Crestar's mortgage and the IRS liens, there is an equity deficit of $396,597.00.[4] Debtors also argue that the trustee's motion should be denied because this court has a standing policy of refusing to allow the sale of assets of a chapter 7 bankruptcy estate solely for the benefit of secured creditors. That is precisely the situation in this case according to debtors because there will be no equity after the secured claims are paid, and the sale will be of no benefit to unsecured creditors.

In response to debtors' objection, the trustee has made several assertions. He proposes a carve-out from the IRS's share of the sale proceeds to pay the costs of

administering the property and to satisfy the claims of unsecured creditors. In a supplemental response to debtors' objection trustee asserted that there are in fact unsecured creditors who will benefit from the proposed carve-out. Under the trustee's proposal, the IRS would have an unsecured claim for the balance of its liens not satisfied by the sale proceeds. Finally, the trustee alleges in his supplemental response that he need not satisfy § 363(f)(3) in this case because he can satisfy one of the other conditions for authority to sell under § 363(f).

Section 363(f)(3) prevents a trustee from selling property of the estate when the aggregate value of the liens on the property exceeds its *sale price*. *See* 11 U.S.C. § 363(f)(3). The estimated sale price here is reported to be $235,000.00, and there is a substantial deficit with respect to the aggregate value of the liens.

■ Debtors are correct in their assertion that this court normally does not sanction a chapter 7 trustee's sale of property of the estate that benefits only secured creditors. *Compare In re Oglesby*, 196 B.R. 938 (Bankr.E.D.Va.1996) (ordering restructuring of a sale in which aggregate value of interests, $1,337,280.44, exceeded property's sale price, $1,250,000.00), *with King v. Bd. of Supervisors of Fairfax County (In re A.G. Van Metre, Jr., Inc.)*, 155 B.R. 118 (Bankr.E.D.Va.1993) (reaffirming order authorizing sale of property in which sale price, $785,000.00, exceeded aggregate value of interests, $718,000.00). Because there are no proofs of unsecured claims filed in the case it appears that debtors have no unsecured debt other than

---

4. Debtors' figure is based upon an assessed value of $219,000.00. They do not address the Commonwealth of Virginia or Henrico County liens in their calculation of the equity deficit. Debtors incorrectly argue that the

equity is determined by the assessed value. Rather, § 363(f)(3) prevents sale when the aggregate value of the liens exceeds the *sale price*.

possible claims of undersecured lien creditors.

However, the court's policy is not inflexible and may be reconsidered where a case presents special circumstances. *See In re Collins*, 180 B.R. at 451. In determining whether there are special circumstances upon which to approve a sale for less than the value of the interests in the property, the court may consider "what chapter the case is filed under, whether this is a major or sole asset of the estate, whether the proposed sale is a piecemeal substitution for a plan of reorganization, and the overall benefit to the estate." *Id.*

In its present posture this case does not present the special circumstances the court would consider appropriate to deviate from the usual policy against authorizing sales of property solely for the benefit of secured creditors. This is a chapter 7 case with only one substantial asset, the real property at issue, and there is no plan of reorganization to consider. The estate will not benefit from the sale of this real property because the property cannot possibly bring a large enough sale price to satisfy all the liens to which it is subject. The only parties who will benefit from trustee's proposed sale are those with the most senior liens. Even if there is a carve-out from the sale price reserved for lien creditors whose claims become unsecured, those creditors will receive next to nothing.

Accordingly, the court cannot authorize the trustee's sale of debtors' real property under § 363(f)(3).

MONEY SATISFACTION OF INTERESTS—§ 363(f)(5)

In his supplemental response to debtors' objection, the trustee alleges that Crestar Mortgage and the Commonwealth of Virginia could be compelled to accept a money satisfaction of their interests pursuant to § 363(f)(5). His reasoning is that if debtors' property was sold, Crestar would have to take the $89,000.00 value of its security interest from the sale proceeds. The Commonwealth could also be compelled to accept a money satisfaction of its interest due to the range of dates on which its liens arose. Proceeds from the sale of debtors' property would be used first to satisfy the federal liens that arose in 1989 and then to satisfy the state liens that did not arise until 1990. Trustee does not address whether Henrico County could be compelled to accept money in satisfaction of its liens, but his argument might cover these liens as well.

Courts are split on whether authorization of a motion to sell under § 363(f)(5) requires an actual or a hypothetical payment in full satisfaction of all interests in the subject property. The statute provides that an entity with an interest in property to be sold could be compelled to accept "*a money satisfaction of*" its interest. *See* 11 U.S.C. § 363(f)(5) (emphasis added). In interpreting this section, some courts have held that a trustee cannot sell property under authority of § 363(f)(5) if the interests to which the property is subject cannot be satisfied fully in a compelled legal or equitable proceeding. *See Richardson v. Pitt County (In re Stroud Wholesale, Inc.)*, 47 B.R. 999 (E.D.N.C. 1985), *aff'd*, 983 F.2d 1057 (4th Cir.1993). Other courts have interpreted this section to require less than full payment of the interests in property to be sold. *See, e.g., In re Healthco Int'l. Inc.*, 174 B.R. 174 (Bankr.D.Mass.1994). This court agrees with the reasoning of *Stroud*, and interprets § 363(f)(5) as requiring actual full payment of the interests in the subject property.

Upon applying this standard to the facts in this case, the trustee may not sell debtors' property under § 363(f)(5) be-

cause the underlying interests would not be paid in full in a legal or equitable proceeding. In a foreclosure sale, even at $235,000.00, the secured claimants would not receive the full value of their liens on the property. Only the claims of the first few lien holders would be satisfied, and hundreds of thousands of dollars in debt would remain.

### Conclusion.

The trustee's motion to sell property of the estate free and clear of liens and interests must be denied because he cannot satisfy any one of the five conditions of § 363(f). As proposed, a sale of the property would be solely for the benefit of secured creditors. The only basis upon which the court could consider approving a sale would be if the proposed IRS carve-out covered all other liens on the property, administrative costs of the bankruptcy, and payment of any unsecured claims.

A separate order will be entered.